430 A.2d 691

**COMMONWEALTH of Pennsylvania**

v.

**Gerard SENSI, Appellant.**

Superior Court of Pennsylvania.

Argued June 9, 1980.

Filed May 29, 1981.

W. Boyd Hughes, Scranton, for appellant.

Ernest D. Preate, Jr., District Attorney, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

In a proceeding before a magistrate, appellant was convicted of violating sections 606.1, 607.1, 614.41 and 614.2 of the BOCA Code of the City of Scranton, and section 319.02 of the Codified Ordinances of the City of Scranton. On de novo appeal to common pleas court, appellant was again found guilty of violating these ordinances, and fined $200. In this appeal from that judgment of sentence, appellant raises the following issues:

   I.  Did the lower court err by finding Appellant guilty of a criminal summary offense when the state enabling statute authorizes the municipality to impose only a fine for such violation?

  II.  Did the lower court err by finding Appellant guilty of a summary offense where the city ordinance provides for the imposition of a fine only?

III.  Did the Commonwealth prove beyond a reasonable doubt that the Appellant had violated ordinances of the City of Scranton with criminal intent?

Section 762 of the Judicial Code provides in pertinent part:

(a) General Rule.—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in any of the following cases:

\*    \*    \*    \*    \*    \*

(4) Local government civil and criminal matters.—

(i) All actions or proceedings . . . where is drawn in question the application, interpretation or enforcement of any

.        :        .        .        .

(B) home rule charter or local ordinance or resolution.

42 Pa.C.S. § 762. Since the issues in this appeal plainly draw into question the application, interpretation and enforcement of Scranton's local ordinances, and no exception in subsection (b) of section 762 is applicable,[1] jurisdiction of this appeal is the Commonwealth Court.

However, because appellee failed to object to this court's lack of jurisdiction, our jurisdiction has been perfected, and we have discretion either to decide the case on the merits or transfer it to Commonwealth Court. 42 Pa.C.S. § 704(a); Pa.R.A.P. 741(a); *see Jost v. Phoenixville Area School District,* 267 Pa.Super. 461, 465 n.1, 406 A.2d 1133, 1135 n.1 (1979); *see also Commonwealth v. Meyer,* 488 Pa. 297, 304–05 n.9, 412 A.2d 517, 520 n.9 (1980). We have determined that the issues in this case would best be resolved by the Commonwealth Court, which has the greater expertise in the area. Therefore we shall exercise our discretion by transferring the case to that court.

Case transferred to Commonwealth Court.

1. Subsection (b) provides: "Exception.—The Commonwealth Court shall not have jurisdiction of such classes of appeals from courts of common pleas as are by section 722 (relating to direct appeals from courts of common pleas) within the exclusive jurisdiction of the Supreme Court." 42 Pa.C.S. § 762(b).