441 A.2d 1317

**Maurice OSSER, Appellant,**

v.

**CITY OF PHILADELPHIA.**

Superior Court of Pennsylvania.

Argued Jan. 28, 1981.

Filed Feb. 19, 1982.

Neil E. Jokelson, Philadelphia, for appellant.

John McNally, Jr., Deputy City Solicitor, Philadelphia, for appellee.

Before CAVANAUGH, JOHNSON and LIPEZ, JJ.

PER CURIAM:

This appeal is from an order in which the court of common pleas below upheld the determination of the Pension Board of the City of Philadelphia that, under section 217 of the City Pension Ordinance, appellant's federal conviction for

mail fraud had resulted in forfeiture of his city pension. Appellant claims here, as he did below, that the pension board's interpretation of section 217 was erroneous; that his city pension was a vested right, incapable of forfeiture; and that denial of his pension violated both his equal protection and due process rights.

With exceptions inapplicable here, section 762(a)(4)(i)(B) of the Judicial Code, 42 Pa.C.S. § 762(a)(4)(i)(B), gives the Commonwealth Court exclusive jurisdiction of appeals from final orders of the courts of common pleas in actions or proceedings in which the application, interpretation or enforcement of any local ordinance is drawn into question. *See Commonwealth v. Sensi*, 287 Pa. Super.Ct. 452, 454, 430 A.2d 691, 692 (1981). "However, because appellee failed to object to this court's lack of jurisdiction, our jurisdiction has been perfected, and we have discretion either to decide the case on the merits or transfer it to Commonwealth Court. 42 Pa.C.S. § 704(a); Pa.R.A.P. 741(a); *see Jost v. Phoenixville Area School District*, 267 Pa.Super. 461, 465, n. 1, 406 A.2d 1133, 1135, n. 1 (1979); *see also Commonwealth v. Meyer*, 488 Pa. 297, 304–05, n. 9, 412 A.2d 517, 520, n. 1 (1980)." *Id.*

As in *Commonwealth v. Sensi, supra,* we believe the Commonwealth Court's greater expertise in the issues raised here make transfer to that court appropriate. Moreover, transfer of this case will prevent unnecessary confusion and lack of coordination, since Commonwealth Court will be the forum for similar cases in this developing area of the law, in which guidance from our Supreme Court has thus far been scant because of the diversity of views among the Justices. *See, e.g., Miller v. Commonwealth of Pennsylvania, State Employees' Retirement Board,* —— Pa. ——, 445 A.2d 88 (1981) (opinion in support of affirmance by O'Brien, C. J., joined by Nix and Flaherty, JJ.; separate opinion in support of affirmance by Nix, J.; opinion in support of reversal by Roberts, J., joined by Larsen and Kauffman, JJ.), *petition for reargument pending.*

Case transferred to Commonwealth Court.