475 A.2d 803

**Stephen OVERSTREET and Dennis Crowson, Appellants,**

**v.**

**The BOROUGH OF YEADON, James J. Freeman, Pres., William Cumby, Member, Joseph Sindoni, Member, Rose Vaccone, Member, Frances Jackson, Member, Harry Connolly, Member, Scott Casper, Member, Gaeton Termini, Member, Nicholas D'Alessandro, Mayor, Dolores Danes, Secty & Active Borough Manager, & Frank Urso and the Delaware Co. Daily Times Central State Publishing, Inc.**

Superior Court of Pennsylvania.

Argued Jan. 19, 1984.

Filed April 13, 1984.

Reargument Denied June 18, 1984.

Petition for Allowance of Appeal Denied Nov. 8, 1984.

292

Edward C. Harkin, Collingdale, for appellants.

Kyle Burch, Chester, for appellees.

Before ROWLEY, HESTER and ROBERTS, JJ.

ROBERTS, Judge:

This is an action to recover compensatory and punitive damages for malicious prosecution, brought by appellants Steven Overstreet and Dennis Crowson against appellees Borough of Yeadon, the president of borough council, its members, the mayor of the Borough, and its secretary and acting manager. Appellants' complaint alleged that appel-

lees unjustly and maliciously sought to prosecute appellants on criminal charges of theft by deception and conspiracy in connection with repairs performed by appellants on a borough police vehicle. The criminal charges were dismissed after a preliminary hearing on the ground that a prima facie case had not been established, and a petition for rearrest was rejected by the Deputy Administrator for District Justices, the District Attorney of Delaware County, and the President Judge of Delaware County.

The court of common pleas sustained preliminary objections filed by appellee borough, which averred that the borough was immune from suit under the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, § 101 et seq., formerly 53 P.S. § 5311.101 et seq. (now 42 Pa.C.S. § 8541 et seq.), as well as preliminary objections filed by the individual appellees, who also averred immunity from suit under the Act. In so ruling, the court found it

"particularly noteworthy that Section 202(a)(2) of The Act [now 42 Pa.C.S. § 8542(a)(2)] excluded governmental liability for intentional torts. This section provides in effect that the political subdivision is not liable for conduct that constitutes a crime, actual fraud, actual malice, or willful misconduct. Plaintiffs' cause of action for malicious prosecution would therefore appear to be precluded."

The present appeal followed.*

Although we agree that the Act requires the dismissal of appellants' action against appellee borough, we disagree that the individual appellees are entitled to the same relief. Overlooked by the court of common pleas was section 307 of the Act (now 42 Pa.C.S. § 8550), which provides:

* Although the present appeal might have been taken to the Commonwealth Court pursuant to 42 Pa.C.S. § 762(a)(4), appellees have not lodged objection, see 42 Pa.C.S. § 704(a), and we are satisfied that our consideration of the appeal will advance judicial economy. See *Commonwealth v. Sudler*, 496 Pa. 295, 436 A.2d 1376 (1981). For similar reasons we shall treat the appeal as having been properly taken from a final order. See *Freeze v. Donegal Mutual Insurance Co.*, 301 Pa.Super. 344, 447 A.2d 999 (1982), aff'd, 504 Pa. 218, 470 A.2d 958 (1983).

"In any action against a political subdivision or employee thereof for damages on account of an injury caused by the act or omission of the employee in which it is judicially determined that the act or omission of the employee caused the injury and that such act or omission constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of section 302 (relating to defense of official immunity), 304 (relating to indemnity) and 306 (relating to limitation on damages) shall not apply."

As the facts alleged clearly would support a determination of willful misconduct on the part of the individual appellees, the preliminary objections of the individual appellees should not have been sustained on the ground that the Political Subdivision Tort Claims Act grants the individual appellees immunity, and appellants' complaint against the individual appellees must be reinstated.

The order of the court of common pleas is reversed insofar as it sustains the preliminary objections of the individual appellees, and appellants' complaint against the individual appellees is reinstated. In all other respects, the order is affirmed.