512 A.2d 686

**Harold A. DONALDSON and Laura Donaldson, his wife, Appellants,**

**v.**

**Robert RITENOUR, Connie Ritenour Hensel, Alvin M. Chanin, and Myra Chanin, his wife, Harvey Porter and Anna C. Porter, his wife, and their respective heirs, devises executors, administrators and assigns.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1985.

Filed July 9, 1986.

Joseph E. Ferens, Uniontown, for appellants.

Daniel G. Reilly, Uniontown, for appellees.

Before ROWLEY, DEL SOLE and TAMILIA, JJ.

DEL SOLE, Judge:

This is an appeal from an order granting Appellees preliminary objections and dismissing Appellants' complaint without leave to amend. The complaint was filed in an

action to quiet title regarding certain tax sale property. For the following reasons we transfer this case to the Commonwealth Court.

The property in question was conveyed by Appellees, Alvin M. and Myra Chanin, and Harvey and Anna C. Porter with the following terms: life estate in Robert Ritenour, at his death to his daughter, Connie Ritenour, until she reaches twenty-one, then to the grantors in fee simple absolute. On May 22, 1979 the life tenant who was in possession of the property received notice that the Fayette County Tax Claim Bureau was exposing the subject property to public sale for delinquent and unpaid taxes. Notice was not given to Connie Ritenour or to grantors, Appellees. Shortly thereafter, on June 10 of 1979 Connie Ritenour celebrated her twenty-first birthday. The tax sale was held on September 10, 1979, and in February of 1980 Mr. and Mrs. Romansky acquired title to the premises by deed of the Bureau. In October of 1983 Robert Ritenour died, and the property was subsequently conveyed by the Romanskys to Appellants in January of 1984.

At the issue in this case is whether the Bureau complied with the notice requirements of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368. as amended, 72 P.S. § 5860.101 et seq. The Real Estate Tax Sale Law requires that notice of the claim and notice of the impending sale be sent to the "owner". The trial court found that the tax sale did not divest Appellees' interest in the property since they failed to receive notice of the sale. Appellants on appeal question the trial court's determination.

Upon examination, we conclude that this case involving interpretation of the Real Estate Tax Sale Law, must be transferred to the Commonwealth Court.

The Commonwealth Court has jurisdiction over:

(4)(i) ... All actions or proceedings ... where is drawn in question the application, interpretation or enforcement of any: ... (A) statute regulating the affairs of political subdivisions, municipality and other local authorities ... 42 Pa.C.S.A. § 762.

The statute in question provides for creation of a taxing claim bureau in counties of the second through the eighth classes. 72 P.S. § 5860.201. The statute also provides the Bureau with powers to collect taxes, and conduct sales of property. 72 P.S. § 5860.601. Prior to any scheduled sale the Bureau is required by statute to give notice of the sale. 72 P.S. § 5860.602. It is the interpretation of this notice requirement and its relation to the statutory definition of "owner" which are at issue in the instant case. *See:* 72 P.S. § 5860.102. The Commonwealth Court has repeatedly recognized its jurisdiction over this area of the law, and considered and resolved cases with similar issues. *See: Kleinberger v. Tax Claim Bur. of Lehigh County,* 64 Pa.Commw.Ct. 30, 438 A.2d 1045 (1982); *In re Upset Sale, Tax Claim Bur. of Bucks County,* 48 Pa.Commw.Ct. 435, 410 A.2d 376 (1980); *Brown v. Barnes Real Estate Co.,* 44 Pa.Commw.Ct. 439, 404 A.2d 437 (1979); *Povlow v. Brown,* 12 Pa.Commw.Ct. 303, 315 A.2d 375 (1974).

Although the parties have not objected to this Court's lack of jurisdiction, we find as we did in *Eldred Twp. v. Monroe County,* 330 Pa.Super. 74, 478 A.2d 1357 (1984) that:

It is also true here that:

As in *Commonwealth v. Sensi, supra,* we believe the Commonwealth Court's greater expertise in the issues raised here make transfer to that court appropriate. Moreover, transfer to this case will prevent unnecessary confusion and lack of coordination, since Commonwealth Court will be the forum for similar cases in this ... area of the law ...

*Osser v. City of Philadelphia,* 295 Pa.Super. 447 at 449, 441 A.2d 1317 at 1318 (1982); *citing Commonwealth v. Sensi,* 287 Pa.Super. 452 at 454, 430 A.2d 691 at 692 (1981).

330 Pa.Super. 76, 478 A.2d 1357 at 1358.

In light of the above, this case is transferred to Commonwealth Court.

TAMILIA, J., files a dissenting opinion.

TAMILIA, Judge, dissenting:

I respectfully dissent to the transfer of this case to the Commonwealth Court because this matter is not within the exclusive jurisdiction of the Commonwealth Court nor is it mandatory for the Superior Court to transfer a case after jurisdiction is perfected and appellee has failed to object to Superior Court jurisdiction. *Overstreet v. Borough of Yeadon,* 327 Pa.Super. 291, 475 A.2d 803 (1984); *Schultz v. City of Philadelphia,* 314 Pa.Super. 194, 460 A.2d 833 (1983); *Jost v. Phoenixville Area School District,* 267 Pa.Super. 461, 406 A.2d 1133 (1979); 42 Pa.C.S.A. § 704; Pa.R.A.P. 741. Judge Del Sole contends this case *must be* transferred to the Commonwealth Court because it involved an interpretation of the Real Estate Tax Sale Law (72 P.S. § 5860.101 et seq.) and the Commonwealth Court has exclusive jurisdiction under 42 Pa.C.S.A. § 762(a)(4)(i)(A). Despite the failure of either party to object to the exercise of jurisdiction by this Court, the majority would transfer this case in order to take advantage of the greater expertise of the Commonwealth Court on the issues and to provide a uniform body of law. As we discuss below, this expertise and uniformity, which derives from Commonwealth Court exercise of jurisdiction, is not relevant to this case and transfer would simply delay the determination of this matter.

The jurisdictional basis relied upon by the majority reads as follows:

(a) ... [T]he Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

. . . . .

(4) Local government civil and criminal matters.—

(i) All actions or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any:

(A) statute regulating the affairs of political subdivisions, municipality and other local authorities ...;

. . . . .

42 Pa.C.S.A. § 762(a)(4)(i)(A).

This case involves neither a local government civil matter nor a statute regulating the affairs of a political subdivision but constitutes only litigation between private parties over private property rights. By a deed dated July 11, 1975 and recorded in Fayette County, appellees conveyed the property in question under the following terms: life estate in Robert Ritenour, at his death to his daughter, Connie Ritenour, until she reaches twenty-one then to grantors in fee simple. Robert Ritenour, the life tenant in possession, received notice of the tax sale on May 22, 1979. This property was sold at a tax sale in Fayette County on September 10, 1979, appellees never having received prior notice of the sale. On January 3, 1984, appellants acquired title from the purchasers at the tax sale. Appellants filed a complaint in an Action to Quiet Title on March 23, 1984 after which appellees filed a preliminary objection in the nature of a demurrer. The lower court found appellees had a vested interest in the property in question irrespective of whether appellees were owners or entitled to notice under the Real Estate Tax Sale Law (72 P.S. § 5860.101 et seq.). The lower court held that appellants could not prevail in their Action to Quiet Title because the purchasers at the tax sale acquired only a life estate interest which had ended prior to their conveyance to appellants.

In *Bethlehem Tp. v. Emrick*, 77 Pa.Commw. 327, 465 A.2d 1085 (1983) rev'd on other grounds, 506 Pa. 372, 485 A.2d 736 (1984), a township brought an action to quiet title to land which had been conveyed to it. The Commonwealth Court stated that jurisdiction over the appeal properly lay in the Superior Court since the proceedings were not within the class of cases over which they had appellate jurisdiction pursuant to 42 Pa.C.S.A. § 762, but decided the case since appellee failed to object to their jurisdiction. *Id.* 465 A.2d at 1086. In *Wheatcroft v. Auritt*, 226 Pa.Super. 118, 312

A.2d 441 (1973), we construed affairs of a political subdivision to mean its general operations and held that the general operations of a political subdivision were not regulated by the discharge and preservation of liens in a tax sale.

The case at hand does not involve the general operations of a political subdivision but the determination of property interest of private individuals in the nature of an action to quiet title.

Even if this case falls within the exclusive jurisdiction of the Commonwealth Court, it is not mandatory upon this Court to transfer this case because none of the parties have objected to jurisdiction. The failure of an appellee to file an objection to the jurisdiction of an appellate court operates to perfect appellate jurisdiction of such court notwithstanding any provision of the law vesting jurisdiction of such appeal in another appellate court (42 Pa.C.S.A. § 704, Pa.R.A.P. 741). In *Graffigna v. City of Philadelphia,* 351 Pa.Super. 74, 505 A.2d 271 (1986) Judge Del Sole stated:

> We note at this point that § 762 of the Commonwealth Court jurisdictional statute has permitted the interpretation of certain statutes dealing with local government units and agencies, for example, the Public Employee's Relations Act and the Political Subdivision Tort Claims Act to come before our court or Commonwealth Court. Indeed, some overlapping of appellate jurisdiction was foreseen by the Legislature and thus 42 Pa.C.S.A. § 704 provides that the failure of an appellee to object to jurisdiction of an appellate court operates to perfect jurisdiction of that appellate court notwithstanding any other provisions of the title—including, obviously, the portion of § 762 cited earlier in this opinion. Sections 704 and 705 also provide that the appellate court can transfer an appeal on its own motion, . . . . (footnotes omitted)

*Id.,* 351 Pa.Superior Ct. at 377–378, 505 A.2d at 272.

The term jurisdiction used in 42 Pa.C.S.A. § 704 is used to denote which appellate court has *primary* responsibility for a particular matter and permits an appellate court in which

a matter is erroneously filed to dispose of the matter in its discretion, absent timely objection. *Commonwealth v. Sudler*, 496 Pa. 295, 436 A.2d 1376 (1981). When parties have failed to object to jurisdiction, this Court has exercised its discretion to decide the case based on considerations of judicial economy. *Overstreet, Schultz, Jost, supra.* Based on these considerations, this Court should decide the case at hand.

This case does not require the expertise of the Commonwealth Court. In *First Pennsylvania Bank v. Lancaster County Tax Claim Bureau*, 504 Pa. 179, 470 A.2d 938 (1983), the Pennsylvania Supreme Court ruled that the notice provisions of the Real Estate Tax Sale Law (72 P.S. § 5860.602), which did not require either personal service or notice by mail to record mortgagees, violated due process. This principle was extended to cover judgment creditors in *In re Upset Sale, Tax Claim Bureau of Berks*, 505 Pa. 327, 479 A.2d 940 (1984). It would be incongruous to require notice of a tax sale to mortgagees and judgment creditors but not to appellees, whose vested property interest is also a matter of record.

For the foregoing reasons, I dissent to the transfer of this case to the Commonwealth Court and would affirm the Order of the lower court.