**WELLS FARGO BANK N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006–NC4 Asset–Backed Pass–Through Certificates**

v.

**Faye E. JAMES; Credit Based Asset Servicing and Securitization, LLC; Pledged Property II LLC.**

**Appeal of: Land Tycoon, Inc.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 2013.

Decided May 1, 2014.

Anthony Roberti, Jim Thorpe, for appellant.

Kimberly Ann Bonner, Mountainside, NJ, for appellees.

BEFORE: LEADBETTER, Judge, and COHN JUBELIRER, Judge, and COVEY, Judge.

OPINION BY Judge COHN JUBELIRER.[1]

Before this Court is the appeal of Land Tycoon, Inc. (Land Tycoon) from the March 7, 2013 Order of the Court of Common Pleas of Monroe County (trial court) denying Land Tycoon's Petition to Intervene (Petition) in the mortgage foreclosure action instituted by Wells Fargo Bank N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006–NC4 Asset–Backed Pass–Through Certificates (Wells Fargo). On appeal, Land Tycoon argues that the trial court erred in denying its Petition.[2] In addition, by Order dated June 5, 2013, this Court directed the parties to address the questions of whether this Court has jurisdiction over Land Tycoon's appeal and whether the trial court's Order is an appealable order under the

---

1. This matter was reassigned to the majority writer on January 31, 2014.

2. In its brief, Land Tycoon also raises arguments that Wells Fargo improperly discontinued the foreclosure action as to less than all defendants without leave of court and that Wells Fargo's mortgage lien was extinguished by the doctrine of merger of lien and title when Wells Fargo received a deed to 28 Eagle Drive in East Stroudsburg, PA (the Property). These issues go to the merits Land Tycoon wishes to raise in Wells Fargo's foreclosure action rather than Land Tycoon's right to intervene in that action. Thus, it would be premature for this Court to address these issues where the trial court has not yet issued a final order in the underlying case.

Pennsylvania Rules of Appellate Procedure.[3, 4]

■ On January 7, 2011, Wells Fargo filed a mortgage foreclosure complaint against Faye E. James, Credit Based Asset Servicing and Securitization, LLC, and Pledged Property II LLC for the property located at 28 Eagle Drive in East Stroudsburg, Pennsylvania (the Property). On September 12, 2012, Land Tycoon purchased the Property at an upset tax sale. On October 22, 2012, Land Tycoon filed its Petition with the trial court, seeking to intervene in the mortgage foreclosure action. After argument from Wells Fargo and Land Tycoon, the trial court, on March 7, 2013, issued its Order denying Land Tycoon's Petition. In support, the trial court cited *Financial Freedom, SFC v. Cooper*, 21 A.3d 1229 (Pa.Super.2011). Land Tycoon filed a Motion for Reconsideration on March 21, 2013, which the trial court did not address. On April 5, 2013, Land Tycoon appealed to this Court.[5]

■ We first address the issue of whether the trial court's Order denying the Petition is an appealable order. Rule 313(a) of the Pennsylvania Rules of Appellate Procedure provides that, generally, appeals may be taken from collateral orders, stating "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pa. R.A.P. 313(a). Rule 313(b) defines a collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313(b). In this case, the main cause of action presented in the underlying case is whether Wells Fargo may foreclose on its mortgage. The question of whether Land Tycoon may intervene is separable from and collateral to this question. This Court has held that the rights of a landowner in its property are rights too important to be denied review, stating:

> [T]he criteria for determining whether an appeal falls within the definition of [Pa. R.A.P.] 313(b) requires that the issues raised on appeal transcend the particular interests of the parties and involve rights deeply rooted in public policy. We further note[ ], however, that public policy rights include those rights of landowners seeking to protect their interests in their homes.... [T]he property interests of intervening neighboring homeowners in a zoning matter were too important to be denied review....

*Township of Radnor v. Radnor Recreational, LLC*, 859 A.2d 1, 4 (Pa.Cmwlth. 2004). Finally, if postponed until the resolution of Wells Fargo's foreclosure action, the question of whether Land Tycoon may intervene in that action will be irreparably

---

**3.** This Court may raise these issues *sua sponte. City of Pittsburgh v. Silver*, 50 A.3d 296, 299 n. 9 (Pa.Cmwlth.2012) (subject matter jurisdiction may be raised *sua sponte); Board of Public Education v. Goldstein*, 43 Pa.Cmwlth. 643, 403 A.2d 176, 177 (1979) (issue of appealability may be raised *sua sponte* ).

**4.** By this Court's order dated September 20, 2013, Faye E. James and Pledged Property II LLC were precluded from filing briefs and participating in oral argument in this matter.

Wells Fargo discontinued its foreclosure action as to Credit Based Asset Servicing and Securitization, LLC by praecipe docketed in the trial court on September 19, 2011; therefore, this entity is not participating in this appeal.

**5.** "Our scope of review from the denial of a petition to intervene is limited to determining whether the trial court abused its discretion or committed an error of law." *Vartan v. Reed*, 677 A.2d 357, 360 n. 4 (Pa.Cmwlth. 1996).

lost. Therefore, the trial court's Order denying Land Tycoon's Petition is a collateral order appealable as of right.

■ Next, we address the question of whether this Court has jurisdiction over Land Tycoon's appeal. Section 762 of the Judicial Code, 42 Pa.C.S. § 762, sets forth this Court's jurisdiction, stating, in relevant part:

(a) General rule.—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

. . . .

(4) Local government civil and criminal matters.

(i) All actions or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any:

(A) statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity;

42 Pa.C.S. § 762(a)(4)(i)(A). In this case, Land Tycoon seeks to intervene in Wells Fargo's foreclosure action based upon its purchase of the Property at an upset tax sale. In order to resolve this issue, this Court must examine the Real Estate Tax Sale Law (Tax Sale Law).[6] This Court and the Superior Court have both recognized that interpretation of the Tax Sale Law falls within Section 762(a)(4)(i)(A) of the Judicial Code. *Pitti v. Pocono Business Furniture, Inc.,* 859 A.2d 523, 525 n. 1 (Pa.Cmwlth.2004); *Donaldson v. Ritenour,* 354 Pa.Super. 568, 512 A.2d 686, 687 (1986). Therefore, because Land Tycoon's appeal deals with the effect of its purchase of the Property at an upset tax sale under the Tax Sale Law on Land Tycoon's right to intervene in Wells Fargo's foreclosure action, this Court has subject matter jurisdiction under Section 762(a)(4)(i)(A).

■ Finally, we address Land Tycoon's argument that the trial court erred in denying its Petition. Rule 2327(4) of the Pennsylvania Rules of Civil Procedure provides that a party shall be permitted to intervene if "the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action." Pa. R.C.P. No. 2327(4). Land Tycoon has an interest in the Property that will be bound by the foreclosure action because it has title to the Property. Section 609 of the Tax Sale Law, 72 P.S. § 5860.609; *see also Pitti,* 859 A.2d at 527 n. 5 ("[A]n upset tax sale will convey title subject to all recorded liens and mortgages").[7] Wells Fargo's foreclosure action, if successful, will operate to extinguish Land Tycoon's title and transfer title to Wells Fargo. *Florida First Bon Capital Corp. v. Zoning Hearing Board of the Borough*

---

6. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803.

7. As noted, Section 609 of the Tax Sale Law and this Court's precedent state that a purchaser at an upset tax sale takes title "subject to all recorded liens and mortgages." *Pitti,* 859 A.2d at 527 n. 5 (citing Section 609). The dissent appears to equate taking subject to a mortgage with acquiescing to foreclosure. That Land Tycoon took title to the Property subject to any existing mortgages does not affect the validity of Wells Fargo's existing mortgage or any right Wells Fargo would otherwise have to foreclose on such mortgage.

*of Lansdale,* 40 Pa.Cmwlth. 448, 397 A.2d 838, 841 (1979) ("The effect of a mortgage foreclosure and sale thereunder is to extinguish the mortgagor's interest in the property and to transfer the estate to the purchaser as fully as it existed in the mortgagor at the date of the mortgage"). Thus, Land Tycoon has an interest in the Property that will be extinguished by Wells Fargo's foreclosure action and, therefore, falls within Rule 2327(4).[8]

In denying Land Tycoon's Petition, the trial court relied upon the Superior Court's decision in *Cooper.* In *Cooper,* Financial Freedom, SFC (Financial Freedom) filed a mortgage foreclosure action against the estate of a deceased homeowner. *Cooper,* 21 A.3d at 1230. Financial Freedom filed an amended complaint in its foreclosure action on November 4, 2009. *Id.* The purchaser purchased the home at a tax sale held pursuant to the Tax Sale Law and recorded the deed on November 30, 2009. *Id.* After its amended complaint was not answered, default judgment was entered in favor of Financial Freedom on December 14, 2009. *Id.* The purchaser then filed a petition to intervene in Financial Free-

dom's foreclosure action on March 26, 2010. *Id.* The trial court denied the purchaser's petition. *Id.* at 1231. On appeal, the Superior Court looked to the language of Rule 2327, stating "[t]he right to intervene in an action is governed by Pa.[ ]R.C.P. [No.] 2327, which states that a person who has a certain recognized interest in the outcome of the litigation shall be permitted to intervene '[a]t any time during the pendency of an action.' " *Id.* (third alteration in original). However, because the purchaser did not seek to intervene until *after* the default judgment had been entered in Financial Freedom's foreclosure action, the Superior Court held that the trial court did not err in denying the purchaser's petition to intervene because that foreclosure action was no longer pending. *Id.*

Since the purchaser could not intervene because he did not file "during the pendency" of the foreclosure action, the purchaser then argued that he was an indispensable party to Financial Freedom's foreclosure action pursuant to Rule 1144(a)(3) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1144(a)(3),[9]

8. The dissent argues that Rule 2329 of the Pennsylvania Rules of Civil Procedure permitted the trial court to refuse Land Tycoon's Petition on the grounds that the issues Land Tycoon seeks to raise are "not in subordination to and in recognition of the propriety of the action." Pa. R.C.P. No. 2329(1). Because the trial court denied Land Tycoon's Petition pursuant to Pa. R.C.P. No. 2327, the trial court did not cite this provision in its Order, nor does Wells Fargo raise it in its brief. Because the issue of whether Land Tycoon's defenses to Wells Fargo's foreclosure action are in subordination to and recognition of the action was raised neither by the trial court nor the parties, we do not believe this Court may raise this issue *sua sponte.* See *Barna v. Pennsylvania Board of Probation and Parole,* 8 A.3d 370, 372 n. 2 (Pa.Cmwlth. 2010) (noting that this Court "may not review questions that were never raised"). However, even had this issue been relied upon by the

trial court or raised by one of the parties, it would not provide an alternative basis for affirming the trial court under the circumstances of this case. Land Tycoon's arguments that the original mortgagee must give evidence regarding the authenticity of the mortgage documents, (Land Tycoon's Proposed Answer, New Matter and Counterclaim ¶ 16, R.R. at 91), and that Wells Fargo improperly discontinued that action as to less than all parties are in subordination to and recognition of the propriety of Wells Fargo's foreclosure action. Therefore, the trial court did not have the discretion to deny Land Tycoon's intervention on the basis of Rule 2329(1).

9. Rule 1144(a)(3) provides that, in a foreclosure action, the plaintiff must name the owner of the property in question as a defendant. Pa. R.C.P. No. 1144(a)(3).

after he had purchased the property. *Cooper,* 21 A.3d at 1231–32. While a plaintiff in a foreclosure action must name the owner of the property as a defendant, under the rules, it is not the plaintiff's burden to continue to name any future owners of the property. Thus, the Superior Court stated that " '[o]nce a foreclosure has been commenced, any person or entity acquiring an interest in the property will be bound by decree *and need not be joined.'* " *Id.* at 1232 (quoting *First Union Mortgage Corporation v. Frempong,* 744 A.2d 327, 336 (Pa.Super.1999)) (emphasis in original). The requirement in Rule 1144(a)(3) that a plaintiff name the owner of the property at issue in a foreclosure action as a defendant, applies only to the original complaint, not to amended filings filed after purchaser's acquisition of the property. *Id.*

The current matter is distinguishable from *Cooper* on both issues. Land Tycoon filed its intervention while Wells Fargo's foreclosure action was still pending, unlike the purchaser in *Cooper,* who did not seek to intervene until *after* the resolution of the mortgage foreclosure action. Therefore, because Land Tycoon filed "during the pendency" of the mortgage foreclosure action, its filing falls squarely within the requirements of Rule 2327. Thus, we do not need to reach the second issue, which involves whether a person who becomes an owner after a foreclosure action has been commenced also becomes a necessary party to that mortgage foreclosure action. Land Tycoon is not arguing on appeal,[10] nor does it need to argue, that it is a necessary party to the foreclosure action

pursuant to Rule 1144(a)(3) or that Wells Fargo erred in failing to name it as a defendant after Land Tycoon purchased the Property. Had Land Tycoon not filed its Petition, any determination in the mortgage foreclosure action would not have been subject to challenge because Wells Fargo did not name Land Tycoon as a defendant. Under the rules, it is not the responsibility of a mortgagor to constantly check the records to determine whether there has been any ownership change in the property during the pendency of its action. However, that is a different inquiry from whether such a subsequent owner must be permitted to intervene when it affirmatively files a petition to do so during the pendency of the action. Because Land Tycoon did file its Petition during the pendency of the foreclosure action, the issue raised here is not the issue raised in *Cooper;* therefore, *Cooper* is not controlling.

For these reasons, we reverse the Order of the trial court and remand this matter to allow Wells Fargo's foreclosure action to continue with Land Tycoon as an intervenor.

### ORDER

NOW, May 1, 2014, the Order of the Court of Common Pleas of Monroe County in the above-captioned matter is hereby **REVERSED** and this matter is **REMANDED** in accordance with the foregoing opinion.

Jurisdiction relinquished.

---

**10.** In its Petition to Intervene, Land Tycoon argued that it had a right to intervene pursuant to the Pennsylvania Rules of Civil Procedure governing intervention. (Petition to Intervene ¶¶ 3, 9, R.R. at 79–80.) It also argued, as the dissent points out, that it was an indispensable party pursuant to Rule 1032(b) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1032(b) (requiring that indispensable parties be joined). (Petition to Intervene ¶ 11, R.R. at 80.) On appeal, however, Land Tycoon has abandoned the argument that it is an indispensable party but still maintains its argument that it has a right to intervene under Rule 2327.

DISSENTING OPINION BY Judge COVEY.

I concur with the Majority that the trial court's order is an appealable order, and that this Court has subject matter jurisdiction. However, I respectfully dissent from the Majority's holding that the trial court erred in denying Land Tycoon, Inc.'s (Land Tycoon) petition to intervene in the mortgage foreclosure action instituted by Wells Fargo Bank N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006–NC4 Asset–Backed Pass Through Certificates (Wells Fargo), **15 months before** Land Tycoon purchased the property in dispute (Property) at an upset tax sale. I dissent because the legislature has enunciated the statutory scheme to be followed when real estate is purchased at an upset tax sale, the Pennsylvania Rules of Civil Procedure state under what circumstances a person may intervene and precedent honoring these principles must be upheld.

The Majority reasons that the trial court erred as a matter of law in denying Land Tycoon's petition to intervene because "Wells Fargo's foreclosure action, if successful, will operate to extinguish Land Tycoon's title and transfer title to Wells Fargo." Majority Op. at 816. This conclusion is wrong as a matter of law.

## THE REAL ESTATE TAX SALE LAW

Section 609 of the Real Estate Tax Sale Law (RETSL),[1] entitled "Nondivestiture of liens," specifically provides:

Every [upset tax] **sale shall convey title to the property** under and **subject**

---

1. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803.

2. The Majority states that "[t]he [D]issent appears to equate taking subject to a mortgage with acquiescing to foreclosure." Majority Op. at 816 n. 7. The Dissent cites to and relies upon the applicable RETSL section, and

**to the** lien of every recorded obligation, claim, lien, estate, **mortgage,** ground rent and Commonwealth tax lien not included in the upset price with which said property may have or shall become charged or for which it may become liable.

72 P.S. § 5860.609 (emphasis added). It is well established that

in the [RETSL] the legislature has provided a comprehensive statutory scheme for the sale of property in order to satisfy real estate tax liens, and the [RETSL] specifically addresses the effect each type of sale will have on liens. Thus, **an upset tax sale will convey title subject to all recorded liens and mortgages.** A judicial sale conveys title free and clear of all liens and mortgages.

*Pitti v. Pocono Bus. Furniture, Inc.,* 859 A.2d 523, 527 n. 5 (Pa.Cmwlth.2004) (citation omitted; emphasis added).[2]

## THE PENNSYLVANIA RULES OF CIVIL PROCEDURE

Pennsylvania Intervention Rule of Civil Procedure 2327, entitled "Who May Intervene," states:

At any time during the pendency of an action, a person not a party thereto **shall be permitted to intervene** therein, subject to these rules **if**

(1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

---

Pennsylvania Supreme Court holdings, and applies them to the facts in the instant case. In doing so, the Dissent does not explicitly or implicitly state that a purchaser at an upset tax sale acquiesces to a mortgage foreclosure on a mortgage attached to the purchased property.

(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

(3) such person could have joined as an original party in the action or could have been joined therein; or

(4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.C.P. No. 2327 (emphasis added). Pennsylvania Intervention Rule of Civil Procedure 2329, entitled "Action of Court on Petition," provides:

Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but **an application for intervention may be refused, if**

(1) **the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action;** or

(2) the interest of the petitioner is already adequately represented; or

(3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa.R.C.P. No. 2329 (emphasis added).[3] "Thus, the court is given the discretion to allow or to refuse intervention **only** where the petitioner falls within one of the classes enumerated in [Pa.R.C.P. No.] 2327 **and** only where one of the grounds under [Pa.R.C.P. No.] 2329 is present which authorizes the refusal of intervention." *Larock v. Sugarloaf Twp. Zoning Hearing Bd.,* 740 A.2d 308, 313 (Pa. Cmwlth.1999) (emphasis added).

Here, Land Tycoon could possibly only come within Pa.R.C.P. No. 2327(4). However, the determination in the mortgage foreclosure action on the Property will **not** affect Land Tycoon's Property interest because as mandated by the RETSL—when Land Tycoon purchased the Property at the upset tax sale it received the title to the Property subject to the mortgage. Because Land Tycoon does not come within the provisions of Pa.R.C.P. No. 2327, it has no **mandatory** right to intervene.

## FINANCIAL FREEDOM, SFC V. COOPER

*Financial Freedom, SFC v. Cooper,* 21 A.3d 1229 (Pa.Super.2011),[4] the case the trial court relied on in its order, involved three issues: 1) whether the appellant could intervene when the action is no longer pending, 2) whether the appellant was

---

**3.** The Majority maintains that because Pa. R.C.P. No. 2329 "was raised neither by the trial court nor the parties, [it does] not believe this Court may raise this issue *sua sponte.*" Majority Op. at 817 n. 8. Citing to and relying upon Pa.R.C.P. No. 2329, a directive to all Pennsylvania courts on how to respond to petitions to intervene, does not raise a new issue. Rather, it is the foundation upon which the Court is to decide matters of intervention. The Majority mischaracterizes the Dissent as the Dissent does not even use the word "issue" in its Pennsylvania Rules of Civil Procedure section; rather, it simply cites the Court rule. In addition, the law is well-established that "appellate courts are not limited by the specific grounds raised by the appellee or invoked by the court under review, but may affirm for any valid reason." *Pa. Dep't of Banking v. NCAS of Del., LLC,* 596 Pa. 638, 653, 948 A.2d 752, 761–762 (2008).

**4.** The trial court and Land Tycoon refer to this case as *Financial Freedom.* For easy reference and consistency, the Dissent will do the same.

an indispensable party to the foreclosure action, and 3) whether the holding in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) applied.[5] In addressing the first issue, the *Financial Freedom* Court ruled that because the foreclosure action had concluded and no matter was currently pending, the appellant could not intervene. The Court in resolving this issue recognized a clear distinction between a closed and pending action. In regard to the second issue, the *Financial Freedom* Court held that because "the mortgage foreclosure action was commenced *prior* to [the a]ppellant's purchasing of the property at a tax sale[,]" the appellee was not required to join the appellant as a party. *Financial Freedom*, 21 A.3d at 1231 (emphasis added).

The trial court herein relied upon and quoted to *Financial Freedom's* holding pertaining to the second issue while the Majority cites *Financial Freedom's* conclusion to the first issue. The Majority seeks to distinguish *Financial Freedom* from the instant case based on a fact that is not applicable or present in the instant case. The pertinent fact is **not** as stated by the Majority—**seeking to intervene after a court decree**—but rather **purchasing the Property after a foreclosure action has been commenced. Accordingly, the distinguishing fact raised by the Majority is irrelevant to the instant case.** A review of the facts regarding the second issue reveals that the appellant in *Financial Freedom* filed a petition to intervene in a mortgage foreclosure action on a property the appellant purchased at a tax sale **after** the foreclosure action had commenced. Based on these facts, which are identical to the facts herein, the *Financial Freedom* Court held:

And as the foregoing precedent clearly indicates, a plaintiff in a mortgage foreclosure action is not required to join a party who takes an interest in the property after the commencement of the mortgage foreclosure proceeding.... **In so holding, we note that it was the commencement of the mortgage foreclosure action by [the a]ppellee that put [the a]ppellant on constructive notice. Despite this notice, which we impute to [the a]ppellant, he nonetheless purchased the property at the tax sale. This was his folly.**

*Id.* at 1232 (emphasis added).

The Majority specifically states: "Land Tycoon is not arguing ... that it is a necessary party to the foreclosure action ... or that Wells Fargo erred in failing to name it as a defendant after Land Tycoon purchased the property." Majority Op. at 818. However, that is Land Tycoon's exact argument as set forth in its Petition to Intervene. Particularly, paragraph 7 of Land Tycoon's Petition to Intervene, reads in pertinent part: "[Land Tycoon] has legal standing and is the **'indispensable' party** to this civil action...." Reproduced Record (R.R.) at 80 (emphasis added). Again, in paragraph 11 of its Petition to Intervene, Land Tycoon avers: "Petitioner is an **indispensable party** to this proceeding for the above legal reasons. P[a.]R.C.P. No. 1032(b) requires that all indispensable parties be joined as a party, otherwise the Court shall dismiss the civil action." *Id.* (emphasis added). In its opinion, the trial court stated that Land Tycoon's "1925(b) statement fail[ed] to specify how [the trial court] erred." Trial Court Op. at 2. Rather, Land Tycoon merely paraphrased its Petition to Intervene, once again averring that it is "an indispensable party to this civil action...." Land Tycoon's 1925(b) State-

5. The third issue is not relevant to the instant case.

ment at 1. The trial court expressly addressed that argument in its opinion as follows: "**[Land Tycoon] argues that it is an indispensable party to the action**.... [T]his Court denied [Land Tycoon's] Petition to Intervene pursuant to the holding in *Financial Freedom* ...." Trial Ct. Op. at 1 (emphasis added). Clearly, the trial court was referring to the holding in the second issue which explicitly refers to an indispensable party. Accordingly, *Financial Freedom* is controlling.

Land Tycoon itself acknowledges the impact of *Financial Freedom's* ruling on the second issue and quotes the Court's holding: "[O]nce a foreclosure has been commenced, any person or entity acquiring an interest in the property will be bound by decree and **need not be joined**." *Id.* at 1232 (quoting *First Union Mortg. Corp. v. Frempong*, 744 A.2d 327, 336 (Pa.Super.1999)). Land Tycoon recognizing the similarity in the facts of its case to those in *Financial Freedom* in that it purchased the Property at a tax sale 15 months **after** Wells Fargo had commenced the foreclosure action, sought to distinguish the case on the legal basis that *Financial Freedom* did not hold that any person or entity **shall not** be joined.

> As [Land Tycoon] acquired [its] interest during the course of the mortgage foreclosure proceeding, [Wells Fargo] was clearly **not required** to join [it] as a party. On this point, the law is well-settled. '[O]nce a foreclosure has been commenced, any person or entity acquiring an interest in the property will be bound by decree **and need not be joined.**'

*Id.* at 1231–32 (quoting *First Union*, 744 A.2d at 336). As reiterated in Financial Freedom:

> It is perfectly well-settled, that encumbrance[r]s who become such *pendente lite*, are not necessary parties to a bill to foreclose, although they are bound by the decree, for they can claim nothing except what belonged to the person under whom they assert title, since they have constructive notice; and there would be no end to such suits, if a mortgagor might by new encumbrances, created *pendente lite*, require all such encumbrances to be made parties.

*Id.* at 1232 (quoting *Resolution Trust Corp. v. Warwick Nurseries, Ltd.*, 450 Pa.Super. 200, 675 A.2d 730, 731–32 (1996)).

## PENNSYLVANIA SUPREME COURT PRECEDENT

In discussing Pa.R.C.P. No. 2329(1), our Supreme Court has stated: "an intervenor should not be allowed to become a party to the suit merely to review what the court has done and to require demonstration of the legality and propriety of its action." *Com. ex rel. Chidsey v. Keystone Mut. Cas. Co.*, 366 Pa. 149, 154, 76 A.2d 867, 870 (1950). "That foreclosure will be detrimental to [Land Tycoon] will not deprive [Wells Fargo] of the right to proceed." *Northampton Trust Co. v. Northampton Traction Co.*, 270 Pa. 199, 205, 112 A. 871, 873 (1921). Hence, Land Tycoon "asserts a right which, it is claimed, is exclusively for [Wells Fargo]; ... the basis upon which it proposes to defend is without legal foundation." *Id.* at 206, 112 A. at 873. Consequently, Land Tycoon's claim is "not in subordination to ... the [foreclosure] action." Pa.R.C.P. No. 2329(1). Accordingly, as Land Tycoon does not come within one of the classes enumerated in Pa.R.C.P. No. 2327, **and** none of the grounds under Pa.R.C.P. No. 2329 are present, the trial court properly denied Land Tycoon's Petition to Intervention. *Larock.*

## CONCLUSION

The facts and law in the instant matter reveal that the trial court had the discretion to deny intervention and there is no basis upon which to conclude that the trial court abused its discretion or erred as a matter of law by denying the petition for intervention. The Majority's holding will undermine the well-established legislative directive, is contrary to well-settled precedent and will have a negative impact upon future litigants by allowing unnecessary litigation. These are the same concerns the *Financial Freedom* Court discussed.

Notwithstanding, the Majority maintains that Land Tycoon has the right to interject itself into Wells Fargo's foreclosure action because Wells Fargo filed a discontinuance of the case as to Credit Based Asset Servicing and Securitization, LLC, without leave of court and this conduct violated Pennsylvania Rule of Civil Procedure 229(b)(1) which required the action to have been discontinued in its entirety. Pennsylvania Rule of Civil Procedure 229(b)(1) provides: "Except as otherwise provided in subdivision (b)(2), a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties **or** leave of court after notice to all parties." Pa.R.C.P. No. 229(b)(1) (emphasis added). There is no record evidence nor does Land Tycoon point to any to support Land Tycoon's contention that the discontinuance was filed without consent. Thus, Land Tycoon's argument cannot stand.

Further, the Majority maintains that intervention should be allowed because Land Tycoon notes that Wells Fargo held a mortgage on the Property by way of an assignment which was recorded on June 16, 2009, and that it thereafter received and recorded a deed to the Property on January 28, 2010. Land Tycoon alleges that the mortgage was therefore discharged by operation of law because there was no reference in the deed for the lien to remain in effect, and it can be inferred that the lien was merged with the title. *Pease v. Doane,* 33 Pa.Super. 6 (1907). In *Pease,* the Superior Court held:

> As a merger is for the benefit of him in whom the two interests unite, it will never take place when it is against his interest, or where it is most for his advantage to keep the charge alive. In such a case he may hold the estate, and also a judgment upon it. Or a mortgage and also the equity of redemption.

*Id.* A merger of the lien and title would be against Wells Fargo's interests. Therefore, in accordance with the *Pease* Court holding Wells Fargo's lien and title would not merge.

Both of the above arguments are meritless. More importantly, neither of them affect the trial court's discretion to deny intervention. Accordingly, for all of the above stated reasons, I believe the trial court's order should be affirmed.