J-A09024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LUTHER D. LEONARD, JR., THOMAS J. OWENS, MARY OWENS, DONALD W. LEONARD, WALTER E. LEONARD, LINDA L. SLATTERY, WANDA J. DONALD, GARY E. LEONARD, CARLA L. TERRY, L.J. LEONARD, CHRISTOPHER M. LEONARD, EDWARD OWENS, W. LEONARD AND SONS, A PARTNERSHIP, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| P.M. NEWMAN, CENTRAL PENNSYLVANIA LUMBER COMPANY, SUSQUEHANNA NEW YORK RAILROAD COMPANY, C.H.LENTZ, THEIR SUCCESSORS, HEIRS, ADMINISTRATORS AND ASSIGNS OR ANYONE CLAIMING BY, THROUGH OR UNDER THEM, | |
| v. | |
| CARRIZO (MARCELLUS), LLC AND RELIANCE MARCELLUS II, LLC, | |
| v. | |
| MICHAEL J. SOLOMON AND LORI A. SOLOMON, | |
| APPEAL OF: ROBERT P. HENDERSON, JR. AND ANN B. HENDERSON | No. 1291 MDA 2016 |

Appeal from the Order Entered June 29, 2016
In the Court of Common Pleas of Sullivan County
Civil Division at No(s): 2012 CV 34

BEFORE:  SHOGAN, OTT, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                                    **FILED JULY 17, 2017**

Ann and Robert Henderson, Jr. ("Hendersons") appeal from the June 29, 2016 order granting summary judgment in favor of Intervenor Defendants Carrizo Marcellus LLC and Reliance Marcellus, II, LLC (collectively "Carrizo"), and establishing ownership of a disputed subsurface estate in additional defendants Lori and Michael Solomon ("Solomons").  We quash.

Hendersons are the undisputed fee simple owners of unseated (undeveloped) land in Fox Township, Sullivan County, which they purchased in 1999 from P.M. Newman ("the Henderson Property").  The Henderson Property consists of 667 acres in the names of three warrants: Simpson Warrant (381 acres), Lloyd Warrant (34 acres), Weitzel Warrant (251 acres).  A dispute regarding ownership of the subsurface estate of the Weitzel Warrant underlies this appeal.

In 1982, Solomons purportedly purchased the subsurface estate of the Weitzel Warrant from the Sullivan County Commissioners, and they leased it to Carrizo.  However, Hendersons claim ownership of both the surface and subsurface estates of the Weitzel Warrant.  They assert that a reservation of the subsurface estate in their deed is meaningless because, although once severed, the surface and subsurface estates were reunited through a "tax

wash sale"[1] in 1906 or in 1949. In contrast, Solomons argue that the surface and subsurface estates of the Weitzel Warrant continued to be assessed separately by Sullivan County after the 1906 and 1949 tax sales and, therefore, the surface and subsurface estates were not reunited.

Carrizo and Solomons each filed a motion for summary judgment. Following a hearing on June 22, 2016, the trial court granted Carrizo's motion and, without expressly ruling on Solomons' motion, found in their favor as to ownership of the Weitzel Warrant subsurface estate. Hendersons filed the instant appeal and, along with the trial court, complied with Pa.R.A.P. 1925.

Hendersons present the following questions for our consideration:

1.  Whether the Order in Question, which disposed of all claims and all parties of the Fourth Amended Joinder Complaint, is a final appealable order.

2.  Whether the trial court erred as a matter of law by failing to apply the requisite shifting burden for quiet title actions when it granted Carrizo's Renewed Motion for Summary Judgment and awarded title of the oil and gas estate to the Solomons.

3.  Whether the order granting summary judgment should be reversed because the trial court ignored the existence of genuine issues of material fact, including, whether a title wash occurred in 1906 or 1949 and, whether the subsurface rights to the Weitzel Warrant were redeemed in 1947.

_____

[1] A "tax wash sale" or "title wash" describes the effect of early tax sales of unseated land on a prior severance of a subsurface estate. ***Herder Spring Hunting Club v. Keller***, 143 A.3d 358, 366 (Pa. 2016).

4. Whether the trial court committed an abuse of its discretion and/or erred as a matter of law by applying the Real Estate Tax Sale Law Act of July 7, 1947, P.L. 1368 to the alleged title wash in 1949, when it had not been adopted.

Hendersons' Brief at 4.[2]

Preliminarily, we address whether this appeal is from a final order.

> **(b) Definition of Final Order.**--A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) RESCINDED
>
> (3) is entered as a final order pursuant to paragraph (c) of this rule.
>
> **(c) Determination of finality**.--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.C.P. 341(b), (c). The Note to Rule 341 explains as follows:

> The 1992 amendment generally eliminates appeals as of right under Pa.R.A.P. 341 from orders not ending the litigation as to

---

[2] The Commonwealth Court retains jurisdiction over cases involving the Real Estate Tax Sale Law Act of 1947. **Donaldson v. Ritenour**, 571, 512 A.2d 686, 687 (Pa. Super. 1986).

all claims and as to all parties. Formerly, there was case law that orders not ending the litigation as to all claims and all parties are final orders if such orders have the practical consequence of putting a litigant out of court.

Pa.R.A.P. 341, Note.

Hendersons argue that the trial court's June 29, 2016 summary judgment order was final because it put Hendersons out of court on all claims raised in their Fourth Amended Joinder Complaint against all of the joined defendants, Carrizo and Solomons. Solomons do not "oppose this Court's interlocutory review of the trial court's order." Solomons' Brief at 1.

The trial court observed:

[1] This is actually a motion for Partial Summary Judgment. The original complaint sought to quiet title as to the oil and gas rights to three tracts of land known as the Weitzel Warrant, the Lloyd Warrant, and the Simpson Warrant. The instant [summary judgment] motion concerns only the Weitzel Warrant land. The original Plaintiffs in the matter had no cognizable claim to the subsurface rights and Summary Judgment was entered against them in 2015.

Trial Court Opinion, 6/29/16, at 1 n.1.

Our review of the record reveals that the original plaintiffs brought a quiet title action as to the Simpson, Lloyd, and Weitzel Warrants against the original named and unnamed defendants on February 1, 2012. International Development Corporation ("IDC") filed an answer and counterclaim on March 30, 2012, and an amended counterclaim on October 23, 2012, asserting an interest in the Lloyd and Weitzel Warrants as successor of Central Pennsylvania Lumber Company. Various heirs of P.M. Newman filed answers

asserting an interest in all three warrants on April 2, 2012, and April 25, 2012. The plaintiffs answered IDC's counterclaim on June 27, 2012, and its amended counterclaim on November 8, 2012. A default judgment was entered against Susquehanna New York Railroad Company on September 7, 2012, because it failed to answer the original complaint.

Carrizo was permitted to intervene by stipulation on July 29, 2013, and filed a counterclaim and new matter on August 2, 2013. Thereafter, plaintiffs and IDC filed responsive pleadings. Upon hearing by word of mouth about the original complaint, Hendersons answered said complaint on May 13, 2014, as successors in interest of P.M. Newman, and then filed a new matter to IDC's counterclaim on August 11, 2014. IDC answered Hendersons' new matter on August 25, 2014. Plaintiffs unsuccessfully moved for summary judgment against Hendersons and Carrizo with regard to the Simpson Warrant. Motion for Partial Summary Judgment, 12/22/14; Order of Court, 7/22/15. Carrizo moved for summary judgment against plaintiffs and Hendersons with regard to the Weitzel and Simpson Warrants. Cross Motion for Summary Judgment, 3/16/15.

Hendersons moved to have Solomons joined as parties with an interest in the Weitzel Warrant on January 9, 2015. The trial court granted Hendersons' motion on June 26, 2015, and Henderson filed a joinder complaint against Solomons on July 24, 2015. Solomons filed preliminary objections to the plaintiff's complaint on August 7, 2015, and to Hendersons'

joinder complaint on September 2, 2015. Hendersons also moved to join George Sharp as a party with an interest in the Lloyd Warrant on March 30, 2015, which motion the trial court granted on September 22, 2015.

Title to the subsurface estate of the Simpson Warrant was decided in favor of Hendersons by order granting summary judgment in favor of Carrizo and Hendersons. Order, 7/22/15. Four of the Leonard plaintiffs discontinued their claims in the original complaint on August 31, 2015. The remaining claims of the original complaint were dismissed by order sustaining Solomons' preliminary objections. Order, 9/28/15.

As of October of 2015, IDC, Hendersons, Solomons, and Carrizo remained as parties with an interest in the Weitzel Warrant. Although not yet joined by complaint, George Sharp remained as a party with an interest in the Lloyd Warrant, as did IDC.

Following a volley of amended joinder complaints by Hendersons and preliminary objections by Solomons, Solomons filed an answer to Hendersons' Fourth Amended Joinder Complaint on February 4, 2016, as well as new matter and counterclaims for slander of title and tortious interference with a contractual relationship. Carrizo filed its answer and new matter to the Fourth Joinder Complaint on February 19, 2016. In response, Hendersons filed preliminary objections to Solomons' counterclaims, replied to Carrizo's new matter, and replied to Solomons' new matter on February 24, 2016, March 28, 2016, and June 9, 2016, respectively. The trial court

sustained Hendersons' preliminary objections, thereby dismissing Solomons' counterclaims without prejudice. Order, 5/25/16.

Solomons and Carrizo filed motions for summary judgment on April 29, 2016, and May 2, 2016, respectively, asserting that Hendersons had not sustained their burden of proof with regard to their claim of ownership to the subsurface estate of the Weitzel Warrant. The trial court granted Carrizo's motion for summary judgment and, without expressly granting Solomons' motion for summary judgment, determined that Solomons were owners of the subsurface estate of the Weitzel Warrant.

As of Hendersons' July 27, 2016 notice of appeal from the June 29, 2016 entry of summary judgment in favor of Carrizo and Solomons:

Four of the original plaintiffs had discontinued their claims.

The trial court had dismissed all claims asserted by the remaining original plaintiffs in the original complaint against all defendants, from which no appeal was taken.

The trial court had resolved all claims related to the Simpson Warrant, from which no appeal was taken.

The trial court *sub silencio* disposed of IDC's counterclaim against the original plaintiffs with regard to ownership of the subsurface estate of the Weitzel Warrant.

The trial court had not expressly disposed of IDC's counterclaim against the original plaintiffs with regard to ownership of the subsurface estate of the Lloyd Warrant.

The trial court had yet to address Hendersons' potential claims against George Sharp regarding the subsurface estate of the Lloyd Warrant.

Based on the foregoing procedural posture of this case, we conclude that the trial court's June 29, 2016 summary judgment order is not a final order because it did not dispose of all claims and of all parties; nor was it entered as a final order pursuant to Pa.R.A.P. 341(c). Pa.R.A.P. 341(b)(1), (3).

This appeal is not from a final order. Hence, we are constrained to quash.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2017