452 A.2d 820

COMMONWEALTH of Pennsylvania, Appellant,

v.

Dale R. MILLER.

Superior Court of Pennsylvania.

Submitted May 24, 1982.

Filed Nov. 19, 1982.

Stuart Mark Bliwas, Assistant Attorney General, Harrisburg, for Commonwealth, appellant.

David Alvin Whitney, Ridgway, for appellee.

Before BROSKY, WIEAND and BECK, JJ.

BROSKY, Judge:

The Commonwealth appeals here from an order issued in the Elk County Court of Common Pleas.[1] That order sustained an appeal from a conviction in Magistrate's

---

1. We are aware of the jurisdictional question that surfaces in this appeal. At first blush, it appears this case should be before the Commonwealth Court: 42 Pa.C.S.A. § 762(a)(2).

However because appellee failed to object to this court's lack of jurisdiction, our jurisdiction has been perfected, and we have

Court for purchasing a hunting license when hunting privileges were revoked. The issue presented here is the validity of a supersedeas of the license revocation. The court below held that the supersedeas was effective and thus enforcement of the revocation was barred. However, since the court did not have jurisdiction to issue the supersedeas, it was of no effect, revocation enforcement was permissible, and we reverse.

The Pennsylvania Game Commission contends, correctly, that exclusive jurisdiction over appeals from its orders lies with the Commonwealth Court.[2] Therefore, they argue, a supersedeas of the license revocation issued by a court other than the Commonwealth Court is void and the Commission is free to enforce the revocation.

This case has an involved procedural background. In April, 1979, the Pennsylvania Game Commission revoked the hunting and trapping privileges of appellee, Dale Roger Miller, for two years.[3] In May of that year, Miller appealed the revocation order to the Elk County Court of Common Pleas. On May 14, President Judge Greiner set a hearing date and granted a supersedeas of the revocation *pendente lite*. The Commonwealth filed a motion to dismiss on June 21, 1979, based on a lack of jurisdiction in the Court of Common Pleas. The following day, an order was issued by President Judge Greiner transferring the appeal to Com-

discretion either to decide the case on the merits or transfer it to Commonwealth Court. 42 Pa.C.S. § 704(a); Pa.R.A.P. 741(a); *Commonwealth v. Sensi*, 287 Pa.Super. 452 at 454, 430 A.2d 691 at 692 (1981).

We follow the same line of reasoning as was used in *Sensi*, but come to the opposite conclusion due to the particularities of this case. While this case does seek the enforcement of a regulation—usually a matter in which the Commonwealth Court is well versed—the sole issue in this case is the legal effect of a supersedeas issued by a Common Pleas Court without valid jurisdiction.

For this reason, and also as a matter of judicial economy, we exercise our discretion and retain jurisdiction.

**2.** 42 Pa.C.S.A. § 763.

**3.** This was pursuant to the Game Law, Act of 1937, P.L. 1225, as amended, 34 P.S. § 1311.315(1).

Appellee has not filed a brief in this case.

monwealth Court.[4]   On August 16, 1979, Miller purchased a hunting license.

On January 31, 1980, a citation was filed with Justice of the Peace Friedl of Elk County against Miller for violation of § 316(g) of the Game Law: purchasing a hunting license while his hunting privileges were revoked.   At a hearing on May 8, 1980, Miller was found guilty and fined $40 plus $16 costs.

Miller appealed this conviction to the Court of Common Pleas.  On October 9, 1980, President Judge Greiner entered an order sustaining the appeal on the basis that the supersedeas he had granted on May 14, 1979 was in effect at the time of the violation on August 16.   The Commonwealth's appeal from that order is now before us.

■■■   Two incontrovertible statements of law combine to determine the decision in this case.   First, the Court of Common Pleas had no jurisdiction to hear the appeal of the license revocation.  Second, any act taken by a court without proper jurisdiction is null and void.

> When a Judge exercises a power not conferred upon him by law, his act is more than a mere irregularity, which can be waived by Defendant; it is a nullity.

Moschzisker, Ch.J., *Commonwealth v. Hall,* 291 Pa. 341 at 354, 140 A. 626 at 631 (1927).

■■■   The supersedeas issued by President Judge Greiner was, therefore, without legal force; it could not halt the Game Commission or the Justice of the Peace from enforcing the revocation;  nor could it protect Miller in his unauthorized purchase of a new license.[5]

We are not unmindful of the potential for a certain unfairness in allowing a person to be punished by one court

---

**4.**  That appeal was eventually dismissed as of course due to Miller's failure to file his brief and reproduced record.

**5.**  A court always has jurisdiction to determine whether it has jurisdiction. . During the period of such a determination, a supersedeas issued by the court will be valid even if it subsequently determined that the court had no jurisdiction to hear the case on its merits.  *Commonwealth v. Ryan,* 459 Pa. 148, 327 A.2d 351 (1974).   This was not the situation here.  President Judge Greiner was considering the

of the Commonwealth for acting within bounds made permissible by another court of this Commonwealth. Here, Miller could have believed that the supersedeas made it lawful for him to purchase the license. Indeed, a Common Pleas President Judge thought that the supersedeas was in force on August 16 and that the purchase of the license was consequently lawful. Nonetheless, other considerations must prevail.

An important principle of our constitutional form of government is that organs of the government must not arrogate to themselves powers which have not been lawfully assigned to them. The legitimacy of governmental acts must be preserved; and this is advanced by treating as void all illegitimate governmental acts. A proper functioning of this system in the courts mandates the strict disapproval of judicial acts committed outside their jurisdictional sphere. They are to be given no legal effect.

We reverse and remand for trial *de novo* in the Court of Common Pleas.

jurisdiction issue only for one day, June 21, and that issue had not even been raised on May 14 when the supersedeas was issued. Even if the contrary were true, it would no longer have been so on August 16 when Miller bought the license. By that time, the case had already been transferred, for lack of jurisdiction, to the Commonwealth Court.