0410

Fred S. PEAKE, Appellant, v. Patricia E. PEAKE, Respondent.

(327 S. E. (2d) 375)

Court of Appeals

*Robert F. Fuller* of *Rogers, McDonald, McKenzie, Fuller & Rubin*, Columbia, *for appellant.*

*Michael O. W. Edens*, Columbia, *for respondent.*

Heard Jan. 28, 1985.

Decided March 7, 1985.

*Per Curiam:*

This divorce case presents the questions of (1) whether the trial judge abused his discretion in awarding the respondent wife child support and (2) whether the trial court had jurisdiction to award monetary damages for wages the wife lost in caring for the appellant husband during convalescence period. We remand the child support issue, but reverse the monetary award to the wife.

In December 1979, the husband, a self-employed mechanic, sustained severe personal injuries in a motor vehicle accident which disabled him for a period of time. In March 1980, the wife voluntarily quit her job as a sewing machine operator and Avon sales lady to care for the husband. She claimed to have lost wages of between $8,000 and $9,000.

At the time of the divorce, the husband was substantially unemployed. He worked part-time transporting logging personnel, earning approximately $300 a month and was receiving social security benefits of $360 per month. His expenses amounted to $688.00 per month. The wife was employed as a seamstress and real estate broker earning a net income of $714.00 per month. Of her income, $227.00 was derived from social security disability payments she received due to the husband's purported disability. Her expenses totaled $752.00 per month. In January 1982, a social security appeal officer determined that Mr. Peake was not disabled and that all social security benefits received by the Peakes after July 1, 1981 should be repaid to the Social Security Administration. At the time of the divorce hearing in May 1982, however, both parties continued to receive their social security checks.

The evidence pertaining to the health and employability of the husband conflicts. While the husband, age 49, claims he is totally disabled, the Social Security Administration rated him as not disabled. The trial judge made no findings relative to the husband's health or employability. On the other hand, the wife, age 40, suffers from spastic colitis, but was fully employed at the time of the divorce.

The trial court awarded custody of the two older children of the parties to the husband and the younger, to the wife. Support in the sum of $150 per month was ordered for the youngest child. Additionally, the trial court ruled that the husband should pay the wife the sum of $3,000 as "reimbursement for wages lost by respondent when she cared for peti-

tioner (appellant), which shall be payable out of proceeds from the petitioner's equity at the time of sale of the marital residence."

The husband first contends that the trial court's order fails to comply with Family Court Rule 27(C) because it fails to set forth the salient facts upon which the order is granted. We agree. Moreover, as we review the evidence, there is in any event a lack of evidentiary support to sustain the amount of child support award. We therefore remand the support award for compliance with Family Court Rule 27(C).

Turning to the $3,000.00 reimbursement award, the threshold question is whether the award is an equitable distribution or a special equity award (as the wife contends), which was within the jurisdiction of the family court to make, or simply an award of money damages and not within the jurisdiction of the family court (as the husband argues). The wife's complaint states that "she is entitled to a portion of the proceeds received by Petitioner (husband) from any claim for these injuries as a portion of the equitable distribution of the marital estate." The parties stipulated in the statement of the case that the decree provided that the $3,000.000 award was "reimbursement for wages lost by Respondent when she cared for Appellant during a period of recuperation from accident injuries." The parties are bound by the stipulations contained in their agreed statement of the case. *Crown Land Corp. v. Lester Brothers, Inc.*, 261 S. C. 163, 199 S. E. (2d) 69 (1973). We thus hold that the award was one of money damages and beyond the jurisdiction of the family court to make.

Family courts are courts of limited jurisdiction. *Zwerling v. Zwerling*, 273 S. C. 292, 255 S. E. (2d) 850 (1979). Their jurisdiction is set forth in the 1976 South Carolina Code of Laws, Section 20-7-420, the pertinent part of which states:

The family court shall have exclusive jurisdiction:

. . . .

(2) To hear and determine actions:

For divorce, *a vinculo matrimonii*, separate support and maintenance, legal separation, and in other marital litigation between the parties, and for settlement of all legal and equitable rights of the parties in such actions in

and to the real and personal property of the marriage . . . if requested in the pleadings.

Nowhere does the above quoted section authorize the family court to make the award here entered. The acts of a court with subject-matter jurisdiction are void. *Cox v. Lunsford,* 272 S. C. 527, 252 S. E. (2d) 918 (1979); *State v. Funderburk,* 259 S. C. 256, 191 S. E. (2d) 520 (1972). Accordingly, we reverse the damages award.

Reversed in part and remanded in part.