22537

Allison C. BAIR, Respondent v. Manning Arthur BAIR, Appellant.
(343 S. E. (2d) 445)

Supreme Court

*Doyet A. Early, III,* and *Richard B. Ness* of *Early, Kemp & Ness,* Bamberg, *for appellant.*

*Karen J. Williams* and *C. Bradley Hutto,* of *Williams & Williams,* Orangeburg, *for respondent.*

Heard March 26, 1986.

Decided April 28, 1986.

*Per Curiam:*

In this separate maintenance action, respondent sought, among other things, equitable division of marital property. The Family Court awarded respondent an interest in several tracts of property. This appeal followed. We affirm in part and reverse in part.

One of the disputed tracts was 34.5 acres of woodland transferred to appellant by his mother, allegedly for $3,000.00. It was unclear whether the $3,000.00 was the purchase price or a loan to appellant's mother secured by the

property.[1] The trial judge found the $3,000.00 to be a loan, awarding 50% of the loan amount plus interest, and ordering respondent to assign her interest in the loan to appellant. This was error.

The loan award, a money judgment, was outside the jurisdiction of the Family Court. *Peake v. Peake*, 284 S. C. 591, 327 S. E. (2d) 375 (S. C. App. 1985). Enforcement of the loan obligation is one to be enforced against appellant's mother. Therefore, that portion of the order is reversed.

Appellant's remaining exceptions are affirmed pursuant to Supreme Court Rule 23. Accordingly, the order of the Family Court is

Affirmed in part; reversed in part.

NESS, C. J., not participating.

---

[1] At oral argument, counsel for respondent conceded the $3,000.00 amount was a loan.