796 P.2d 477

**Wilma Cornell SOLOMON and Adrienne Michelle Findley, Plaintiffs/Appellants,**

v.

**Lloyd Talbott FINDLEY, Defendant/Appellee.**

No. 2 CA–CV 89–0142.

Court of Appeals of Arizona, Division 2, Department A.

March 20, 1990.

Review Granted Sept. 18, 1990.

Carl M. Tootle, Tucson, for plaintiffs/appellants.

Benedict, Hunter & Ward by James D. Hunter, Tucson, for defendant/appellee.

HATHAWAY, Judge.

The question raised in this appeal is whether the plaintiff may bring a contract action for payment of educational funds beyond the defendant's child's majority based on the parties' agreement as set forth in the dissolution decree. We reverse the trial court's dismissal of the claim.

On January 8, 1976, plaintiff Solomon (then Findley) and defendant Findley filed a joint petition for dissolution of marriage. On January 30, 1976, at a hearing where the defendant was not present, the decree of dissolution was entered by default. Page 5 of the joint petition, which the parties filed in propria persona, contains the following provision:

> Husband also agrees to provide educational funds to the best of his ability for said minor child through college or until child reaches age of 25 whichever comes first.

The decree of dissolution provides:

> Husband also agrees to provide educational [sic] for said minor child through college or until child reaches age of 25 whichever comes first.

Solomon first sought enforcement of the decree of dissolution by filing an order to show cause alleging failure to provide educational funds to Adrienne Michelle Findley, the parties' daughter, as required by the decree of dissolution. Upon the court's denial of the relief requested, Solomon and her daughter filed this independent claim for relief alleging breach of contract. Defendant filed an answer and a motion to dismiss which the trial court granted on the basis that "the Doctrine of Merger applies in the judgment and the claim of plaintiff stems from that judgment."

■ Defendant/appellee Lloyd Findley argues that the doctrine of merger applies and that any agreement between the parties was merged in the decree of dissolution. If that is the case, appellants are without a remedy inasmuch as any liability for performance of the agreement ended upon the daughter's majority, because the trial court in a dissolution action lacks jurisdiction to adjudicate the question of liability for support of a child who has reached majority. *Helber v. Frazelle*, 118 Ariz. 217, 575 P.2d 1243 (1978); *Savage v. Thompson*, 22 Ariz.App. 59, 523 P.2d 110 (1974). Although the Supreme Court in *Helber* considered a similar situation, it did not address the validity of that portion of the decree incorporating a matter over which the court had no jurisdiction. Accordingly, we conclude that the issue is open to our consideration. We disagree that the doctrine of merger applies to the provision of the agreement in question.

■ Parties to an action cannot by consent confer subject matter jurisdiction upon a court which it would otherwise not have. *Porter v. Porter*, 101 Ariz. 131, 416 P.2d 564, *cert. denied*, 386 U.S. 957, 87 S.Ct. 1028, 18 L.Ed.2d 107 (1966); *Kelly v. Kelly*, 24 Ariz.App. 582, 540 P.2d 201 (1975). As noted supra, the trial court in a dissolution action lacks jurisdiction over the question of support for a child who has reached majority. *Helber*, supra; *Savage*, supra. Whether that portion of the agreement dealing with education funds was a nullity as being beyond the subject matter jurisdiction of the trial court in the dissolution action has not been addressed in any of the authority cited to us, nor has it been raised by the parties. We, however, raise the issue of jurisdiction sua sponte. *Bruce v. State*, 126 Ariz. 271, 614 P.2d 813 (1980).

■ There is ample authority that any action taken by a court which does not have jurisdiction is void and a nullity. *Strange v. Arkansas–Oklahoma Gas Corp.*, 534 F.Supp. 138 (W.D.Ark.1981); *Schnier v. District Court*, 696 P.2d 264 (Colo.1985); *People ex rel. McGraw v. Mogilles*, 136 Ill.App.3d 67, 90 Ill.Dec. 831, 482 N.E.2d 1114 (1985); *Matter of Hague*, 412 Mich. 532, 315 N.W.2d 524 (1982); *Wells v. Noldon*, 679 S.W.2d 889 (Mo.App.1984); *Commonwealth v. Miller*, 306 Pa.Super. 468, 452 A.2d 820 (1982); *Peake v. Peake*,

284 S.C. 591, 327 S.E.2d 375 (App.1985); *Gallagher v. State*, 690 S.W.2d 587 (Tex. Cr.App.1985). Therefore, the provision of the dissolution decree providing for education funds beyond the age of majority was a nullity and did not merge. Appellants are free to pursue their contract claim, and the trial court erred in dismissing the action.

Reversed.

ROLL, P.J., and HOWARD, J., concur.