NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:
LARRY STEWART JONES, *Petitioner/Appellee*,

*v.*

CAROLINE JONES, *Respondent/Appellant*.

No. 1 CA-CV 15-0803 FC
FILED 11-22-2016

Appeal from the Superior Court in Maricopa County
No. FN2012-001293
The Honorable Katherine M. Cooper, Judge

**VACATED AND REMANDED**

COUNSEL

Jennings, Haug & Cunningham, L.L.P., Phoenix
By Julianne C. Wheeler
*Counsel for Petitioner/Appellee*

Caroline Jones, Laveen
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Rick A. Williams[1] joined.

---

**W I N T H R O P**, Judge:

**¶1**        Caroline Jones ("Wife") appeals from a judgment of the superior court amending the consent decree that dissolved her marriage to Larry Stewart Jones ("Husband"). Because the superior court lacked jurisdiction to amend the decree, we vacate the judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In 2012, Husband and Wife divorced pursuant to a consent decree. The decree awarded Wife a home located at 5221 W. Pedro Lane in Laveen, but did not allocate responsibility for the debt secured by the home. Six months later, Husband petitioned the superior court for an order removing his name from the mortgage. The court held a hearing during which the parties entered an agreement pursuant to Arizona Rule of Family Law Procedure ("Rule") 69, providing that (1) Husband would quitclaim the home to Wife, (2) Wife would refinance the home in her sole name, and (3) if Wife failed to refinance the home by the established deadline, the home would be sold. Wife failed to meet the deadline for refinancing the home.

**¶3**        In light of Wife's failure, Husband moved the court to order the home's sale. The court granted Husband's motion and appointed a real estate commissioner to list the home. The court ordered the parties to cooperate with the commissioner.

**¶4**        Less than two months later, Husband filed a motion for sanctions claiming that Wife "continues to stall the listing" and a motion for approval of a counteroffer on the home. At a hearing on the motions,

---

[1]        The Honorable Rick A. Williams, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

the superior court found Wife in contempt of court for failure to comply with its prior orders and directed her to "make the [home] available to show promptly" upon the commissioner's request and to vacate the home on or before November 8, 2015. The court ordered the real estate commissioner to counter the two pending offers. The court further advised that if Wife failed to comply with its order, Husband should file an affidavit of noncompliance.

¶5 One week later, Husband filed an affidavit of noncompliance alleging that Wife refused to permit the commissioner to show the home and refused to sign the acceptance of counteroffer. In response, the court held a hearing and again found Wife in contempt. The Court thereafter issued a signed minute entry on November 5, 2015 (the "November 5th Minute Entry") ordering that "[t]he Consent Decree shall be amended to award the [home] at issue to Husband" and "[a]ll proceeds from the sale of the house . . . shall be applied 1) first to any pending community debts, 2) then to Husband's attorney's fees and costs relating to these proceedings, and 3) the remainder divided equally between the parties." That same day, the court entered a Judgment Amending Consent Decree (the "Judgment").

¶6 Wife timely appealed,[2] and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).[3]

**ANALYSIS**

¶7 On appeal, Wife argues the Judgment "has the effect of drastically re-writing the divorce decree in areas that have not been brought before the court." In his answering brief, Husband asks this court to vacate the Judgment and remand to superior court "for further proceedings consistent with the contempt orders entered by the trial court."

¶8 We first address the issue of our jurisdiction, previously raised by Husband in a motion to dismiss, which Department M of this court denied. As a general rule, civil contempt orders are not appealable. *See Berry v. Superior Court In & For County of Maricopa*, 163 Ariz. 507, 508,

---

[2] Wife moved to stay the order, and upon the filing of adequate security, the court approved Wife remaining in the home pending the resolution of this appeal.

[3] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

788 P.2d 1258, 1259 (App. 1989). If a judgment goes beyond a finding of contempt, however, and qualifies as an appealable order under A.R.S. § 12-2101, then this court has jurisdiction. *See Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 145 n.3, 148, ¶¶ 13, 21, 211 P.3d 16, 23 n.3, 26 (App. 2009). In this case, the Judgment is appealable under A.R.S. § 12-2101(A)(2). Therefore, we have jurisdiction. As previously noted by Department M, we do not, however, have jurisdiction over the superior court's contempt order entered October 23, 2015. Thus, we limit our review to the Judgment awarding the home to Husband and that portion of the November 5th Minute Entry directing distribution of the sale proceeds.

**¶9**　　　　We next address whether the superior court had jurisdiction to amend the decree. *See Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 36, 36 P.3d 749, 759 (App. 2001) (explaining that appellate courts independently review the superior court's jurisdiction as a matter of law). We review the superior court's jurisdiction *de novo*. *In re Marriage of Dorman*, 198 Ariz. 298, 301, ¶ 6, 9 P.3d 329, 332 (App. 2000).

**¶10**　　　　Our supreme court has acknowledged the well-established rule "that property settlements are not subject to modification or termination" because "[t]he need for finality and stability in marriage and family law is great." *De Gryse v. De Gryse*, 135 Ariz. 335, 338, 661 P.2d 185, 188 (1983). Entry of a decree precludes "modification of the terms of the decree and the property settlement agreement, if any, set forth or incorporated by reference." A.R.S. § 25-317(F). Likewise, property disposition provisions cannot be revoked or modified "unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." A.R.S. § 25-327(A); *see* Ariz. R. Fam. Law P. 85(C) (listing grounds for reopening a decree).[4] "[T]he inherent power of

---

4　　　　Rule 85(C) provides:

On motion and upon such terms as are just the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons:

a. mistake, inadvertence, surprise, or excusable neglect;

b. newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 83(D);

the court to vacate or modify its judgment does not extend beyond the point at which the judgment becomes final, except as authorized by law." *See Preston v. Denkins*, 94 Ariz. 214, 219, 382 P.2d 686, 689 (1963) (noting that the power of a court to vacate or modify a judgment is governed by the Rules of Civil Procedure).

**¶11**　　Here, the consent decree awarded Wife the home as her sole and separate property. The parties later entered a Rule 69 agreement agreeing that (1) Husband would quitclaim the home to Wife, (2) Wife would refinance the home in her sole name, and (3) if Wife failed to refinance the home by the established deadline, the home would be sold.

**¶12**　　The superior court has jurisdiction to enforce the decree and the Rule 69 agreement.[5] *See* A.R.S. § 25-317(E) (establishing that a court can enforce the terms of a decree "by all remedies available for enforcement of a judgment, including contempt"). In the absence of an affirmative request to set aside the decree and/or the agreement and circumstances justifying relief under Rule 85(C), however, the court lacks jurisdiction to amend the property disposition provisions of the decree. *See LaPrade v. LaPrade*, 189

---

　　　　c. fraud, misrepresentation, or other misconduct of an adverse party;

　　　　d. the judgment is void;

　　　　e. the judgment has been satisfied, released, or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

　　　　f. any other reason justifying relief from the operation of the judgment.

Ariz. R. Fam. Law P. 85(C).

[5]　　Rule 69 provides that:

　　　　An Agreement between the parties shall be valid and binding if . . . the terms of the agreement are set forth on the record before a judge, commissioner, judge pro tempore, court reporter, or other person authorized by local rule or Administrative Order to accept such agreements.

Ariz. R. Fam. Law P. 69(A).

Ariz. 243, 246, 941 P.2d 1268, 1271 (1997) ("[T]he trial court does not have jurisdiction to modify property settlement provisions unless circumstances exist which justify reopening the judgment.").

¶13        Here, the court was understandably frustrated with Wife's intransigence and apparent willful refusal to timely obey the court's orders in furtherance of the legitimate exercise of its civil contempt power. Undoubtedly, the court was also influenced by likely time-sensitive negotiations which were stalled or otherwise frustrated by Wife's failure to comply. However, neither party had moved for relief under Rule 85(C) and neither party alleged, much less established, grounds for relief under this rule. And by ordering that (1) the proceeds from an anticipated sale of Wife's home be used to satisfy pending community debts and (2) excess proceeds be divided equally between Wife and Husband, the court improperly modified the property disposition provisions of the decree. Because the superior court lacked jurisdiction to *sua sponte* modify the property disposition provisions, the Judgment is void and must be vacated. *See Solomon v. Findley*, 165 Ariz. 45, 46, 796 P.2d 477, 478 (App. 1990), *approved*, 167 Ariz. 409, 808 P.2d 294 (1991) ("[A]ny action taken by a court which does not have jurisdiction is void and a nullity.").

**CONCLUSION**

¶14        For the foregoing reasons, we vacate the Judgment amending the decree. We likewise vacate that portion of the November 5th Minute Entry ordering distribution of proceeds from the sale of the home, which was a *de facto* modification of the decree's property disposition.[6] We remand the matter to the superior court for further enforcement proceedings consistent with this decision. We award Wife her costs on

---

[6]        Specifically, we vacate the following part of the November 5th Minute Entry:

> All proceeds from the sale of the house shall be held in a secure account pending either a) the parties' agreement as to disbursement, or b) a court order. The proceeds shall be applied 1) first to any pending community debts, 2) then to Husband's attorney's fees and costs relating to these proceedings, and 3) the remainder divided equally between the parties.

appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA