NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JUAN CRISTOBAL GARCIA, *Appellant.*

No. 1 CA-CR 21-0370
FILED 10-20-2022

Appeal from the Superior Court in Maricopa County
No.  CR2014-001032-001
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Jacob R. Lines
*Counsel for Appellee*

Bain & Lauritano PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

**F U R U Y A**, Judge:

¶1         Juan Cristobal Garcia appeals his convictions and sentences for one count of sexual abuse, one count of kidnapping, two counts of child molestation, and two counts of sexual conduct with a minor. He argues (1) insufficient evidence supports his convictions, and (2) the superior court erroneously denied his motion to vacate the judgments under Arizona Rule of Criminal Procedure ("Rule") 24.2. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2         In November 2013, Vanessa, Karina, and Gina[1] disclosed that Garcia—their uncle—performed various sexual acts on them between February 2009 and November 2013. Vanessa and Karina are sisters, and Gina is their cousin. Vanessa was born in 2002, Karina was born in 2005, and Gina was born in 1994.

¶3         Based on the allegations, a grand jury indicted Garcia on one count of attempted sexual conduct with a minor, a Class 3 felony (Count one); two counts of kidnapping, Class 2 felonies (Counts two and seven); sexual abuse, a Class 3 felony (Count three); three counts of child molestation, Class 2 felonies (Counts four, five, and six); and three counts of sexual conduct with a minor, Class 2 felonies (Counts eight, nine, and ten). Two previous trials ended in mistrials due to deadlocked juries before Garcia was convicted in the instant matter. Viewed in the light most favorable to upholding the convictions, *State v. Klokic*, 219 Ariz. 241, 242 ¶ 2 n.1 (App. 2008), the evidence presented at trial established the following facts.

¶4         In November 2013, Vanessa attended a sleepover at Garcia's house. While she was sleeping on a couch, she "felt [Garcia] go under [her] clothes and touch [her vagina] with [his] hand." She kicked him to make

---

[1]         We refer to the victims by the pseudonyms that the State used in the Answering Brief.

2

him stop. On another occasion in 2013, Vanessa was "walking from the kitchen to the living room" at Garcia's house when he "came up behind [her], put his hands through [her] shirt, under [her] bra, and grabbed [her] breasts[,]" then told her that her "breasts were growing."

¶5        During another sleepover at Garcia's house in 2013, Karina was sleeping on a bedroom floor when Garcia entered the room and approached her. He put his hand under her blanket and touched her vagina under her underwear.

¶6        When Gina was 15 years old, she stayed home from school one day, and Garcia unexpectedly visited her house while she was doing chores. He invited Gina to go out to eat, and she agreed. After they left the restaurant, he drove them to an "empty community lot" where he parked his truck. Garcia "had [her] lay down inside the . . . long single bed up front[,]" made her put her head on his lap, then "put his hands under [her] underwear and started touching" her vagina. He eventually "placed [her] hand on his penis" and made her "masturbate him."

¶7        Following the State's case-in-chief, Garcia moved for judgments of acquittal under Rule 20. The superior court denied his motion on Counts one through nine but entered an acquittal on Count ten.

¶8        Garcia testified in his defense and denied committing the crimes. He asserted that Gina and her older sister had contrived the allegations out of anger after he accidentally saw Vanessa naked one day at the swimming pool. He accused the police and the prosecutor of "coaching" the victims. He further claimed that the police had "manipulate[d]" his post-arrest interview video, and as a result, three different versions existed. Garcia called an expert witness, who opined that the video of Garcia's police interview had been altered.

¶9        The jury found Garcia guilty on Count three for sexually abusing Vanessa, Count four for molesting Vanessa, Count five for molesting Karina, amended[2] Count seven for kidnapping Gina, and amended Counts eight and nine for sexual conduct with Gina. The jurors could not reach verdicts on the remaining counts, and the superior court later granted the State's motion to dismiss those charges without prejudice.

---

[2]        Based on Gina's testimony that she was 15 years old when Garcia committed the charged offenses against her, the court granted the State's motion to amend (1) Count seven to a non-dangerous offense and (2) Counts eight and nine from Class 2 felonies to Class 6 felonies.

¶10 Following the trial—but before entry of judgment and sentence—Garcia filed several motions to vacate the judgments and dismiss the charges with prejudice, alleging the State violated its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and Rule 15.1. In relevant part, he asserted that the State unlawfully withheld the following impeachment evidence: (1) an internal police investigation finding a testifying detective had mishandled a drug pipe in 2016; (2) Officer L., who did not testify, had a felony conviction; and (3) Officer S., who also did not testify, had numerous "prior disciplinary actions making his performance as an officer unacceptable." The State countered that the detective's disciplinary actions did not constitute impeachment evidence implicating *Brady* and that the non-testifying officers had minimal, if any, involvement in investigating the charged offenses.

¶11 After an in-camera review of the detective's personnel file, the superior court found that the failure to disclose the disciplinary proceeding did not violate *Brady* or Rule 15.1. The disciplinary investigators concluded that the detective had accidentally damaged a glass pipe recovered during an armed-robbery investigation, violating a departmental policy on handling property. The superior court similarly concluded that the nondisclosure of the other two officers' misconduct did not violate *Brady* or Rule 15.1 because (1) Officer L. merely interviewed a victim's aunt, who relayed a conversation she had with the victim about the allegations; and (2) Officer S. was not involved in investigating the charged offenses but instead had years earlier assisted in a separate investigation of a different victim's child-molestation allegations against Garcia.

¶12 The superior court sentenced Garcia to an aggregate prison term of 34 years and placed him on probation upon his release. He timely appealed, and we have jurisdiction under A.R.S. § 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I. Sufficiency of the Evidence.

¶13 Garcia argues insufficient evidence supports his convictions because the State did not present "any direct physical evidence," no non-victims witnessed the charged offenses, the victims delayed their disclosure, and he consistently denied the allegations. In the context of a Rule 20 motion, we review de novo whether sufficient evidence supports a conviction, viewing the evidence in a light most favorable to sustaining the verdict. *State v. West*, 226 Ariz. 559, 562 ¶ 15 (2011).

¶14      Courts must enter a judgment of acquittal "if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). Substantial evidence is "such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *West*, 226 Ariz. at 562 ¶ 16 (citation omitted). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996). Evidence is sufficient as a matter of law when reasonable jurors could fairly debate whether the evidence establishes a particular fact. *State v. Davolt*, 207 Ariz. 191, 212 ¶ 87 (2004).

¶15      A victim's testimony alone may constitute sufficient evidence to support a conviction, absent an account that is "physically impossible or so incredible that no reasonable person could believe it." *State v. Williams*, 111 Ariz. 175, 177–78 (1974) (quoting *State v. Pollock*, 57 Ariz. 415, 417 (1941)); *see State v. Jerousek*, 121 Ariz. 420, 427 (1979) ("In child molestation cases, the defendant can be convicted on the uncorroborated testimony of the victim."). "No rule is better established than that the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury." *State v. Cox*, 217 Ariz. 353, 357 ¶ 27 (2007) (quotation omitted). Consequently, we do not reweigh the evidence or reassess credibility in our review. *State v. Buccheri-Bianca*, 233 Ariz. 324, 334 ¶ 38 (App. 2013).

¶16      To convict Garcia of sexually abusing Vanessa, the State had to prove he intentionally or knowingly touched her breast when she was under 15. *See* A.R.S. § 13–1404(A) (defining sexual abuse). In Counts two and three, the State charged Garcia with committing child molestation against Vanessa and Karina, thereby requiring proof that he intentionally or knowingly engaged in sexual contact with them—other than contact with their breasts—or otherwise caused them to engage in such sexual contact when they were under 15 years old. *See* A.R.S. § 13–1410(A) (defining child molestation); A.R.S. § 13-1401(A)(3)(a) (defining sexual contact as "any direct or indirect touching, fondling or manipulating of any part of the genitals, anus or female breast by any part of the body or by any object or causing a person to engage in such contact"). In relevant part, Garcia kidnapped Gina in violation of § 13–1304(A)(3) if he knowingly restrained her "with the intent to . . . [i]nflict . . . a sexual offense." To prove Garcia committed sexual conduct with a minor under § 13-1405(A), the State had to show Garcia intentionally or knowingly engaged in "sexual intercourse or oral sexual contact" with Gina when she was under 18 years old.

**¶17**       Here, as recounted *supra* ¶¶ 4–6, the victims' testimony satisfies the elements of the charged offenses listed above, and Garcia does not assert otherwise. Nor does he contend their accounts were so impossible or incredible that the jury could not have reasonably believed them. And despite Garcia's suggestion to the contrary, it is well settled in Arizona that the absence of physical evidence or corroboration does not render a victim's testimony insufficient to support a conviction. *See, e.g., State v. Dutton*, 106 Ariz. 463, 465 (1970); *State v. Montano*, 121 Ariz. 147, 149 (App. 1978). In sum, there is no merit to Garcia's argument because he effectively asks us to reweigh the evidence and assess credibility, which we will not do. *State v. Fischer*, 242 Ariz. 44, 52 ¶ 28 (2017) ("The appellate court's role is not to weigh the evidence."). Furthermore, we resolve any conflicts in the evidence *against* Garcia. *State v. Pena*, 235 Ariz. 277, 279 ¶ 5 (2014). Because substantial evidence supports his convictions, the court properly denied his Rule 20 motion.

## II.       Motion to Vacate the Judgments.

**¶18**       Garcia next argues the court improperly denied his Rule 24.2 motion based on the alleged *Brady* and Rule 15.1 infractions. However, we need not reach the merits of Garcia's arguments because his Rule 24.2 motion was premature, and therefore, the court lacked jurisdiction to consider it.

**¶19**       Defendants are directed to file Rule 24.2 motions "no later than 60 days *after the entry of judgment and sentence*." Ariz. R. Crim. P. 24.2(b) (emphasis added). Because entry of a judgment and sentence is "*the* core procedural predicate before a motion to vacate becomes viable," it is error for a court to grant relief under Rule 24.2 before that occurrence. *State ex rel. Adel v. Hannah*, 249 Ariz. 537, 539 ¶ 13 (2020) (emphasis in original). Thus, a defendant may not proceed under Rule 24.2 when, as here, "a judgment of conviction and sentence ha[s] not yet been entered." *State v. Saenz*, 197 Ariz. 487, 489 ¶ 6 (App. 2000). Moreover, a trial court "d[oes] not have jurisdiction" to hear or consider a premature motion to vacate the judgment under Rule 24.2 before it has entered judgment and imposed sentence. *State v. Hickle,* 129 Ariz. 330, 332 (1981).

**¶20**       Here, Garcia filed his Rule 24.2 motion before sentencing occurred. *See State v. Montgomery*, 233 Ariz. 341, 343 ¶ 7 (App. 2013) ("[T]he entry of judgment and sentence occurs at sentencing."). Therefore, Garcia's motion was premature, and the court lacked jurisdiction to consider it. *Hannah*, 249 Ariz. at 539–40 ¶¶ 14–15 (2020) (stating courts "cannot vacate a judgment and sentence where none exists" and collecting cases that

"support the unremarkable proposition that a judgment and sentence must be entered before a Rule 24.2 motion may be filed and considered by a trial court"). Nevertheless, the court proceeded to consider and resolve Garcia's premature Rule 24.2 motion. This was error, rendering the court's ruling on the motion a nullity. *See Solomon v. Findley*, 165 Ariz. 45, 46 (App. 1990) ("[A]ny action taken by a court which does not have jurisdiction is void and a nullity.").

**¶21**        Finally, Garcia mentions in passing that the court erred in denying his dismissal motions. *See supra* ¶ 10. Because he does not develop his argument or cite any supporting legal authority, he has waived that claim. *See State v. Moody,* 208 Ariz. 424, 452 ¶ 101 n.9 (2004) ("Merely mentioning an argument is not enough: In Arizona, opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised. Failure to argue a claim usually constitutes abandonment and waiver of that claim.") (citation omitted). Accordingly, Garcia is not entitled to relief.

## CONCLUSION

**¶22**        We affirm Garcia's convictions and resulting sentences.

