J-S26033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILIP J. VONVILLE | : | |
| | : | |
| Appellant | : | No. 245 EDA 2023 |

Appeal from the Order Entered January 20, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001708-2009

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED NOVEMBER 20, 2023**

Philip J. Vonville appeals the denial of his motion to dismiss on double jeopardy grounds. We affirm.

This case stems from 2009 when Vonville was arrested and charged with criminal homicide in the death of Christopher Hernandez. Vonville proceeded to a jury trial at which he did not testify. The trial court instructed the jury, "You may infer any inference of guilt from the fact that he did not testify in his own defense." ***Vonville v. Kerestes***, No. 3:14-CV-1582, 2019 WL 1040747, at *4 (M.D. Pa. Mar. 5, 2019). The jury found him guilty of third-degree murder. After state-court appellate and post-conviction proceedings, Vonville obtained federal *habeas corpus* relief after the court found that "trial counsel was ineffective for failing to object to the unconstitutional jury instruction." ***Id.*** at *13.

The Commonwealth retried the case, but the trial court declared a mistrial due to a juror's misconduct. ***See Commonwealth v. Vonville***, Nos. 873 EDA 2021, 908 EDA 2021, 276 A.3d 234, at *4 (Table) (Pa.Super. filed Mar. 11, 2022) (unpublished memorandum). The court scheduled a second retrial. ***See id.***

Before the second retrial, on March 1, 2021, Vonville filed a *pro se* motion to dismiss based on double jeopardy.[1] The trial court denied the motion, concluding that one of Vonville's double jeopardy claims was not frivolous. ***See id.*** Vonville appealed, and this Court affirmed. ***See id.*** at *10; Pa.R.Crim.P. 587(b)(6) (permitting the immediate appeal of denial of motion to dismiss for double jeopardy found not to be frivolous). Our Supreme Court

---

[1] On February 9, 2021, the court entered an order granting Vonville's request to proceed *pro se*. The order reads in part as follows:

> AND NOW, this 8th day of February, 2021, upon consideration of Defendant's oral and written requests to represent himself in this matter, and following multiple colloquies of Defendant, a thorough review of the records and file in this case, including but not limited to expert reports and Defendant's *pro se* and counseled submissions in this Court and in federal courts, and taking into consideration the Court's observations of Defendant, it is ORDERED that Defendant's requests are GRANTED and Defendant may represent himself in this case.

Order, filed 2/9/21.

denied allowance of appeal,[2] and the United States Supreme Court denied *certiorari*.[3]

Vonville filed a *pro se* motion to dismiss for double jeopardy, on June 13, 2022, based on the federal court's *habeas* ruling in **Vonville v. Karestes**. The court denied the motion without a hearing and did not determine whether the motion was frivolous. Vonville did not appeal.

Approximately six months later, on December 27, 2022, Vonville filed another *pro se* motion to dismiss based on double jeopardy. He argued that an "[e]rror of law . . . by the lower court has been established in **Vonville v. Kerestes**," and as such the court should grant his motion. Omnibus Pre-Trial Motion, filed 12/27/22, at 1 (unpaginated). The trial court held a hearing at which Vonville reiterated that his motion for double jeopardy was "based on the error that was committed in **Vonville v. Kerestes**, which was a Fifth Amendment constitutional violation." N.T., Motions Hearing, 1/13/23. at 15. The court replied that "almost every filing you've had, has said that because of the federal court decision, you cannot and should not be re-tried. . . . I'm just trying to say that that issue has been raised." **Id.** at 17. The Commonwealth likewise argued that "these issues have been previously litigated." **Id.** at 29.

---

[2] **See Commonwealth v. Vonville**, 287 A.3d 455 (Table) (Pa. 2022).

[3] **See Vonville v. Pennsylvania**, 143 S.Ct. 1088 (Mem) (filed April 3, 2023).

The court entered an order denying the motion to dismiss, on January 20, 2023, without stating whether the motion was frivolous.[4] *See id.* at 58. The same day, Vonville filed the instant appeal. Ten days later, after Vonville had already appealed, the trial court amended its order to state that the motion was "frivolous" because the claims "were previously litigated, or could have been litigated" before the trial court or this Court. Order, filed 1/30/23, at ¶ 6. The order also stated that Vonville had 30 days to appeal. *See id.* at 3.

Vonville filed an application in this Court asking it to allow an interlocutory appeal by permission to review the amended order finding that the double jeopardy claim was frivolous. *See* Pa.R.A.P. 1311(a)(3). This Court granted the application and directed appellate review of the amended order "for purposes of Pa.R.Crim.P. 587(b)(4)" to proceed at the above-captioned docket. Order, filed Apr. 10, 2023.

Vonville presents the following issues:

I. Whether counsel, Robert A. Saurma failed to file Pa.R.A.P. 311(A)(6); on behalf of [Vonville's] right to a claim on double jeopardy "prior" to a second trial?

II. Whether the trial court committed reversible error when claiming [Vonville's] double jeopardy claim to be "frivolous" and ordering [Vonville's] appeal under Pa.R.A.P. 1573 and not under Pa.R.A.P. 311(A)(6); interlocutory appeal as of right?

---

[4] The order is dated January 13, 2023, but the clerk of courts did not docket the order until January 20, 2023. *See* Order - Motion, filed 1/20/23.

> III. Whether the trial court erroneously erred when denying [Vonville] his claim to have his case absolutely disposed of under Pa.R.A.P. 311(A)(6); that prohibits any further prosecution after the lower court was said to have violated [Vonville's] [F]ifth [A]mendment constitutional rights in the prior trial of 2010, committing an error of law?

Vonville's Br. at 8 (numbering corrected and suggested answers omitted).[5]

Vonville's first issue raises a challenge to trial counsel's effectiveness. Such a claim should be raised under PCRA review unless an exception applies. *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). These exceptions include when there are "extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record" or when the claim is "meritorious to the extent that immediate consideration best serves the interests of justice[.]" *Id.* at 563. Vonville does not argue that either exception is applicable, and we likewise do not find them to be applicable.

Next, Vonville argues that the court erred in concluding that his motion to dismiss was frivolous because he raised the issue previously. He claims that the court's conclusion that "the issue has been previously litigated is self-revealing for it's not supported by material fact." Vonville's Br. at 22.[6]

---

[5] Vonville numbered his issues as "I," "I," and "II." This appears to be a typographical error.

[6] Vonville also claims that the court erroneously advised him that he could appeal pursuant to Pa.R.A.P. 1573, rather than Pa.R.A.P. 311(a)(6). Vonville fails to develop this issue in a meaningful way or provide any argument on it. As such, we conclude that he has abandoned this claim on appeal. *See Commonwealth v. Williams*, 959 A.2d 1252, 1258 (Pa.Super. 2008).

We conclude that the order finding frivolousness was a nullity. The court amended the original order to state the motion was frivolous after Vonville had already appealed. Once a party has appealed an order, the trial court lacks jurisdiction to modify it. *See* Pa.R.A.P. 1701(a); ***Commonwealth v. Martz***, 926 A.2d 514, 525 (Pa.Super. 2007) ("once a defendant files a notice of appeal, however, the trial court is without jurisdiction to alter or modify its order"). Therefore, the order finding his motion to be frivolous was null and void. ***See Commonwealth v. Miller***, 452 A.2d 820, 821 (Pa.Super. 1982) ("any act taken by a court without proper jurisdiction is null and void"). Vonville's claim that the court erred in finding the motion frivolous warrants no further discussion.[7]

Next, Vonville claims that the court erred in denying his motion to dismiss. He maintains that "[d]ouble jeopardy shall prohibit any further prosecution when the right to a 'fair' trial has been denied, under Double Jeopardy." Vonville's Br. at 26-27. Since the court in ***Vonville v. Kerestes*** concluded that an error of law occurred at Vonville's first trial, Vonville argues that this conclusion amounts to him being denied a "fair trial." He maintains that he has established that his claim of double jeopardy is valid and that his case should be dismissed.

---

[7] Because the order finding frivolousness was null and void, our jurisdiction is secure. ***See Commonwealth v. Gross***, 232 A.3d 819, 830 (Pa.Super. 2020) (*en banc*) (explaining that in the absence of a finding of frivolousness, a defendant claiming double jeopardy may appeal pursuant to Pa.R.A.P. 313).

An appeal raising a claim of double jeopardy presents a question of law, for which our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Kearns*, 70 A.3d 881, 884 (Pa.Super. 2013). The trial court's findings of fact bind us so long as they are supported by the record. *See id.*

"The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article 1, § 10 of the Pennsylvania Constitution protect a defendant from repeated criminal prosecutions for the same offense." *Commonwealth v. Byrd*, 209 A.3d 351, 353 (Pa.Super. 2019) (citation omitted). Double jeopardy prohibits retrial when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, and when the conduct of the prosecutor is intentionally or recklessly undertaken to prejudice the defendant to the point of the denial of a fair trial. *Commonwealth v. Johnson*, 231 A.3d 807, 826 (Pa. 2020); *Commonwealth v. Smith*, 615 A.2d 321, 325 (Pa. 1992).

Here, Vonville does not allege any misconduct on the part of the prosecution. Instead, he alleges errors on the part of the trial judge and defense counsel. Namely, he contends that counsel ought to have objected to the court's erroneous jury instructions. Since he has neither argued nor demonstrated any misconduct on the part of the prosecution, no relief is due. *See Smith*, 615 A.2d at 325. The trial court did not err in denying his motion to dismiss. *See Commonwealth v. Rowe*, 293 A.3d 733, 739 (Pa.Super.

2023) ("[This Court] can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm") (citation omitted).

Finally, regarding Vonville's claim that he is entitled to relief under Rule 311(a)(6), we conclude that this claim lacks merit. Rule 311 of the Pennsylvania Rules of Appellate Procedure governs the circumstances in which a party may pursue an interlocutory appeal. **See** Pa.R.A.P. 311 ("Interlocutory Appeals as of Right"). Notably, although Rule 311(a)(6) applies to certain orders ruling on claims of double jeopardy, it does not afford any recourse beyond allowing an interlocutory appeal. **See** Pa.R.A.P. 311(a)(6) (allowing an interlocutory appeal from "an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth claims that the trial court committed an error of law"). It does not afford substantive relief, and moreover, although Rule 311(a)(6) does not apply here, Vonville has nonetheless had appellate review pursuant to Rules 313 and 1311.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023